**UNITED STATES of America,**
**Appellee,**
**v.**
**Frank Edward KOLAKOWSKI,**
**Appellant.**
**No. 8772.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 17, 1963.

Decided March 11, 1963.

---

**9.** Research Products Co. v. Tretolite Co., 106 F.2d 530.

Oren R. Lewis, Jr., Arlington, Va. (Court-assigned counsel) and Henry St. J. FitzGerald, Arlington, Va. (Tolbert, Lewis & FitzGerald, Arlington, Va., on brief), for appellant.

Daniel W. Moylan, Asst. U. S. Atty. (Joseph D. Tydings, U. S. Atty., on brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

The defendant, Frank Edward Kolakowski, by this appeal, attacks his conviction of a violation of the Dyer Act, 18 U.S.C.A. § 2312, contending that he is entitled to be released on the ground that the evidence was insufficient to support the verdict, and alternatively contending that he is entitled to a new trial because of errors committed in the court below.

⬛ One of the questions briefed by the United States Attorney is whether or not remarks of the District Attorney in argument to the jury constituted a preju-dicial and improper reference to the failure of the defendant to testify in his own behalf. This question is not briefed by counsel for the defendant Kolakowski and is deemed abandoned under the Rules of this court. 4th Cir. R. 10(8). Despite the failure to brief the question, we have, nevertheless, considered it and find it without merit.

Defendant's brief on appeal contains the following assignment of error: "The trial court erred in failing to instruct the jury that the defendant's refusal to testify in his own behalf creates no presumption or inference against him."

Defendant apparently contends that the district judge charged only that "* * * the accused need not take the witness stand to testify * * *" and failed to charge that no inference or presumption of guilt arises from failure to testify.

Counsel must have failed to note that portion of the charge appearing on Page 149 of the record:

"Now, in this connection, I instruct you further that the law does not compel a defendant to take the witness stand and testify. No presumption of guilt arises from his failure to testify and you shall not draw any inference of guilt from the fact that this defendant elected not to testify in this case."

At the hearing on this appeal, defendant's present counsel (not his trial counsel) contended in oral argument, and for the first time, that the district judge had violated Rule 30 of the Federal Rules of Criminal Procedure in that he had not afforded counsel the opportunity to object to the charge in the absence of the jury. This argument was offered without seeking the permission of this court although the question was not briefed and despite the fact that exceptions taken in the court below (seven in number) do not raise the question. 4th Cir. R. 10(8).

Before permitting the jury to retire, the district judge inquired of counsel whether there were any exceptions or requests for additional instructions. It

is unfortunate that the record does not disclose whether opportunity was afforded to make objections out of the hearing of the jury. But neither common sense nor our Rules require that we assume error. Certainly it is not "apparent in the record". 4th Cir. R. 10(8).

Even so, we have carefully examined the district judge's instructions to the jury and find them free of prejudicial error and fair to the defendant.

Was the evidence of defendant's guilt sufficient to justify submission of the case to the jury?

In considering the sufficiency of the evidence, we are required to take it in the light most favorable to the verdict. United States v. Borda, 285 F.2d 405 (4th Cir., 1961) and cases cited therein. Viewing the evidence in this light, we think the evidence tends to show the following:

On the morning of May 25, 1962, at about 8:30 A. M., Edward Ernouf parked his 1958 Chevrolet in a locked garage in the city of Roanoke, Virginia, leaving the automobile ignition key and registration card in the car. At about 10:15 P. M. the same day, Ernouf returned to the garage to get his car and found it missing. This automobile was located the next morning, May 26, 1962, parked at a motel in Elk Ridge, Maryland, adjacent to a cabin. When officers knocked on the door of the cabin, three men came out: Rufus Hursey, Raymond Szczepanski and the defendant Kolakowski, who identified himself at that time as "Norman Lange" and exhibited a birth certificate indicating that name. The keys to the automobile were on a table in the cabin. The cabin contained one double bed. The motel operator, at about 5:30 A.M. the same day (May 26), had noticed an unidentified individual sleeping in the stolen automobile. The defendant made several admissions: (1) that Norman Lange was an assumed name and that his true identity was Frank Edward Kolakowski; (2) that he, Hursey and Szczepanski were asleep in a 1949 Pontiac parked on the side of the road a few miles north of Roanoke, Virginia, during the early morning hours of May 25, 1962; that he was present when this car was sold at Roanoke, Virginia; (3) that he arrived at the motel in Elk Ridge, Maryland, at the same time the others did; (4) that his arrival at the same time was a coincidence because he did not come with the others but had taken a shortcut and had "walked over hills and through valleys"; (5) that he slept on the ground alongside the stolen automobile.

Other witnesses testified tending to show positive identification of the defendant Kolakowski as one of the three occupants of a 1949 Pontiac parked on the side of the road north of Roanoke during the early morning hours of May 25, 1962; that this same Pontiac was bought at approximately 10:00 A.M. in Roanoke, Virginia, by a Mr. Thomas, who, after the purchase, afforded the three persons a ride in his car to a point in the city of Roanoke one-half block from the Carlton Terrace Apartment Building in which the garage is located from which Ernouf's car was stolen.

By way of summary, we think this evidence is sufficient to justify the jury's finding: (1) that Ernouf's automobile was stolen from his locked garage some time after 8:30 A.M. on May 25, 1962, in Roanoke, Virginia; (2) that it was transported in interstate commerce from the State of Virginia into the State of Maryland; (3) that it was found in the joint possession of the defendant Kolakowski and the two accomplices within approximately twenty-four hours maximum time after it had been stolen.

The fact of possession in Maryland of a vehicle so recently stolen in Virginia would support an inference that the possessor or possessors was guilty of the theft and participated in the removal of the stolen goods. United States v. Borda, supra; Battaglia v. United States, 205 F.2d 824 (4th Cir., 1953). Such an inference is further supported by testimony which places Kolakowski in the Roanoke, Virginia, area where the theft occurred. The defendant's admission that he was a member of the

group when the other car was sold in Roanoke, plus the testimony that the three men were taken to a point within a block of the place of theft, establishes beyond question that the defendant had the opportunity to commit the crime and was near the place where it was committed at 10:15 A.M. on the day of the theft. The jury was fully justified in putting together the elements of opportunity and recent possession and coming to the conclusion that Kolakowski was one of those who stole the vehicle and participated in its removal in interstate commerce.

We conclude the verdict is amply supported by the evidence and that the motion for judgment of acquittal was properly denied, and that the motion for a new trial was properly overruled.

Affirmed.