Ronald J. HARDING, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17642.

United States Court of Appeals Eighth Circuit.

Oct. 21, 1964.

Tyrone P. Bujold, of Sullivan, McMillan, Hanft & Hastings, Duluth, Minn., for appellant.

Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., Miles W. Lord, U. S. Atty., Minneapolis, Minn., for appellee.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

The appellant was found guilty by a jury of transporting a stolen motor vehicle from Evansville, Wisconsin, to Duluth, Minnesota, in violation of the so called Dyer Act, 18 U.S.C.A. § 2312. From the judgment imposing a prison sentence of three years and six months, appellant was permitted by this court to appeal *in forma pauperis*.[1] Mr. Tyrone P. Bujold, an attorney of Duluth, Minnesota who was appointed by us to represent appellant on appeal, has conscientiously discharged his obligation as evidenced by his thorough brief and the able oral argument presented by him.

Four contentions of error are presented in the following order: (1) the giving of an instruction allowing the jury to infer that appellant was guilty by reason of his possession in Minnesota of an automobile recently stolen in Wisconsin unless appellant were to explain his possession; (2) in failing to enter a judgment of acquittal either at the conclusion of the government's case or at the conclusion of all of the evidence; (3) the instruction dealing with the possession of a recently stolen automobile tended to create in the jurors' minds the impression that appellant's possession created a presumption of guilt; (4) the same instruction created the impression that the burden of proving his innocence had been cast upon the appellant.

None of the four assignments of error has been properly preserved for review. Regarding point No. 2, which we prefer to consider and dispose of first, appellant concedes that no motion for judgment of acquittal was made at the close of the whole case.[2] He further recognizes that where, as here, evidence is offered by the defendant after his motion for judgment of acquittal has been denied, that the question of the sufficiency of the evidence to make a submissible case is not preserved for review unless the motion for judgment of acquittal is renewed at the close of all of the evidence. Myers v. United States, 8 Cir., 337 F.2d 22, (1964); Edwards v. United States, 8 Cir., 333 F.2d 588 (1964); Gendron v. United States, 8 Cir., 295 F.2d 897, 900 (1961). Appellant argues, however, that on this record we should invoke Rule 52(b), Federal Rules of Criminal Procedure, because: (1) the evidence established as a matter of law that he had no part in transporting the stolen automobile from Wisconsin to Minnesota; (2) the evidence satisfactorily explains his possession of the automobile in Duluth, Minnesota, as a matter of law. From this premise it is said

1. The trial court certified that the appeal was not taken in good faith and denied appellant's motion to appeal *in forma pauperis*.

2. Appellant filed a motion for judgment of acquittal at the close of the government's case. It was denied and although appellant did not take the stand in his own defense, he offered evidence in his behalf but failed at the close of the whole case to renew the motion for judgment of acquittal.

that no fact question was presented for the jury and that the error in submitting the case was so "plain and vital" that we should reverse notwithstanding his failure to make the proper record in the trial court.

■■ A close analysis of the record prohibits a finding of plain error under Rule 52(b) and does not reveal any substantial defect. Of course, we must assume that the jury resolved conflicting evidence in the light most favorable to the government and we are mindful that we are required to accord to the government the benefit of all inferences as may reasonably be drawn from the proven facts. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); Valentine v. United States, 8 Cir., 293 F.2d 708, 710 (1961); Blumenfield v. United States, 8 Cir., 284 F.2d 46, 52 (1960).

Although the appellant tacitly concedes that the stolen 1962 Pontiac automobile was transported from Wisconsin to Minnesota, he contends that the evidence in no way establishes that he transported the automobile with knowledge that it had been stolen. Appellant asserts that the testimony of his only witness, Clarence Leroy Drift, conclusively shows that Drift, acting alone and without the knowledge of appellant, not only stole the automobile from its owner in Wisconsin but that he drove it unaccompanied by anyone to Minnesota.

Appellant's position seems to be that because the government did not prove by *direct* evidence that he participated in the interstate transportation, Drift's testimony must be regarded as having the effect of completely destroying the government's case. To be sure, Drift undertook by his testimony to assume sole and complete responsibility for the theft and transportation of the automobile. However, it was peculiarly within the province of the jury to believe or disbelieve Drift's story. Not only was Drift's testimony impeached, in part at least, by a prior statement made by him to an agent of the Federal Bureau of Investigation, but there was substantial evidence from which the jury could and obviously did infer that contrary to Drift's explanation, appellant participated in the transportation of the stolen automobile with the necessary knowledge.

In summary, the government's evidence reveals that appellant, his brother, Anthony Kenneth Harding, and Drift, after a brief period of employment in Chicago, Illinois, left the latter city in the late afternoon of November 15, 1963, in Anthony's Buick automobile destined for their homes in Minnesota. During the night of November 15, 1963, this threesome arrived in or around Evansville, Wisconsin. While on the outskirts of this community, the two brothers, who by this time had consumed a large quantity of beer and whiskey, became embroiled in an altercation resulting in Anthony being separated from appellant and Drift. Anthony awoke the following morning in a barn in the Evansville area and after locating his automobile headed alone for Minnesota by way of Chicago. In the early morning of November 16, 1963, two men were seen in the stolen automobile near the residence of the owner thereof. On November 18, 1963, appellant was observed driving the stolen automobile on the streets of Duluth, Minnesota, with Drift and two other occupants; at that time appellant claimed to be the owner of the automobile; appellant and the other occupants were drinking intoxicating liquors, in fact, Drift testified that he was too drunk to drive and thus tried to account for appellant being the operator of the automobile on the 18th. Appellant attempted to and did temporarily succeed in eluding a Duluth, Minnesota police officer who sought to question him. From the foregoing and other circumstances which need not be recited, we have no difficulty in reaching the conclusion that the evidence presented a fact question for the jury and that there is no rational basis for finding that plain error was committed in submitting the case to the jury.

Assignments 1, 3 and 4 bring into play Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. which provides:

"No party may assign as error any portion of the charge * * * unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

As we recently observed in Gendron v. United States, 8 Cir., 295 F.2d 897, 899 (1961), this long standing rule is a simple one, well understood generally, and is designed to afford the trial court a fair opportunity to correct any possible mistake that it might have made in the charge. In the absence of a plain error situation, the rule should be enforced and we have frequently applied it. See also Johnson v. United States, 8 Cir., 291 F.2d 150, 156 (1961); Page v. United States, 8 Cir., 282 F.2d 807, 809, 810 (1960).

After the court had completed giving the charge to the jury, inquiry was made as to whether there were any exceptions. Counsel for appellant stated: "the charge you gave about inference, inference of possession of property recently stolen, exception to that." The Judge inquired further: "Do you want to take an exception to the whole instruction on inference of possession?" Counsel replied: "Right." Clearly, what thus transpired fails to satisfy the provisions of Rule 30, supra, in that the exception did not specifically designate the particular error in the instruction. An exception in general terms is not sufficient. Dranow v. United States, 8 Cir., 307 F.2d 545, 569 (1962); Johnson v. United States, supra; Northcraft v. United States, 8 Cir., 271 F.2d 184, 189, 190 (1959).

Neither is there any sound basis for invoking and applying Rule 52(b), supra. When the court's charge in its entirety is accorded proper consideration in light of the facts and circumstances, the challenged portions thereof are not vulnerable to the claim that the appellant's possession of the automobile created a presumption of guilt. Unlike Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946), relied upon by appellant here, the trial court did not inform the jury that a presumption of guilt arises where one is in possession of recently stolen goods, but rather that the jury could draw an inference to that effect.[3] Appellate courts have consistently sustained instructions similar to those given here as non-prejudicial. Bray v. United States, 113 U.S.App.D.C. 136, 306 F.2d 743 (1962); Battaglia v. United States, 4 Cir., 205 F.2d 824 (1953); Herman v. United States, 5 Cir., 289 F.2d 362 (1961).

Neither did the charge have the effect of placing the burden on the defendant to prove his innocence. The jury was instructed on the presumption of innocence and that "the government in this case has the burden of proof and to sustain this burden must prove its case with regard to the charge in the information beyond a reasonable doubt." Contrary to appellant's contention, this burden was not shifted by the portion of the charge which only permitted, but did not require, the jury to infer from appellant's possession of the automobile that he had transported it in interstate commerce. This was a proper declaration of the law, and is not subject to the vice of the instruction that was condemned in United States v. Lefkowitz, 2 Cir., 284 F.2d 310 (1960).

In view of the deficiencies in the record in regard to preserving the points here advanced for review, we have perhaps given such contentions more consideration than they deserve. However, in view of appellant's apparent dissatisfaction with the services rendered by his trial counsel, (court appointed)[4] we have

---

3. The court instructed the jury, in part: "the jury might reasonably draw the inference and find, in the light of surrounding circumstances that the person in possession not only knew it to be stolen property but also transported or caused it to be transported in interstate commerce."

4. The trial court took notice of appellant's complaint about his court appointed law-

with meticulous care scrutinized the trial court proceedings for claimed prejudicial errors. We find none. Appellant received a fair trial, the verdict is supported by substantial evidence, and the judgment must be and hereby is affirmed.

yer in his memorandum opinion denying the motion for new trial, and stated: "defense counsel gave defendant able representation and defendant has no cause for complaint."