Troy Arthur **BURKE**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18796.

United States Court of Appeals
Eighth Circuit.

Jan. 18, 1968.

Robert L. Hartzog, Clayton, Mo., for appellant and filed brief.

Harold F. Fullwood, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L.

Riddle, U. S. Atty., was on the brief with Harold F. Fullwood.

Before VOGEL, Chief Judge, BLACKMUN and LAY, Circuit Judges.

LAY, Circuit Judge.

Appellant, Troy Arthur Burke, Jr., appeals a jury verdict of guilty on a charge of transporting in interstate commerce a motor vehicle he knew to have been stolen, a violation of the Dyer Act, 18 U.S.C. § 2312 (1964).

Appellant contends that the government failed to present sufficient evidence to prove the latter two of the three elements of the offense charged, namely (1) that the automobile was stolen; (2) that the defendant transported it in interstate commerce; and (3) that at the time of the transportation he knew the automobile had been stolen. Appellant premises his argument on the ground that the only government evidence presented was proof of his possession of the car in Missouri soon after its theft from a car lot in Illinois. Appellant does not dispute the settled law that such possession gives rise to permissible inferences of interstate transportation and guilty knowledge. See McIntosh v. United States, 341 F.2d 448 (8 Cir. 1965); Harding v. United States, 337 F.2d 254 (8 Cir. 1964); Travers v. United States, 118 U.S.App.D.C. 276, 335 F.2d 698 (1964); Jones v. United States, 378 F.2d 340 (9 Cir. 1967); cf. Wilson v. United States, 162 U.S. 613, 619, 16 S.

Ct. 895, 40 L.Ed. 1090 (1896). He argues, however, that here no other evidence of any kind substantiated those inferences, and that therefore the proof was insufficient to warrant submission to the jury.[1] See Van Gorder v. United States, 21 F.2d 939 (8 Cir. 1927); Torres v. United States, 270 F.2d 252, 258 (9 Cir. 1959); cf. Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L. Ed. 350 (1946). We affirm the conviction.

Appellant's assertion that "bare possession of the fruits of crime was the sum total of the government's evidence," is unwarranted. The evidence showed that the stolen vehicle, a white 1962 Thunderbird, was taken sometime between 5:00 p. m., on Saturday, August 20, 1966, and 9:00 a. m., on Monday, August 22, 1966, from a used car lot in Joliet, Illinois. The keys, locked in the car lot office, were not taken. Appellant was married in Ironton, Missouri, on Wednesday, August 24. He was seen by his new father-in-law driving a white 1962 Thunderbird, Illinois license No. HN9563, in Missouri on a Sunday in "late August."[2] The witness said that he took down the license number since appellant and his daughter "were planning to be married and going away" (on August 24) and he wrote down the license number in case he would want to contact them. There is thus a reasonable inference that this Sunday was August 21, within 24 hours of the time the car was last observed by its owner in

1. Appellant further urges that the failure of the trial court to sustain his motions for acquittal on this basis required him to assume the burden of proving his innocence. Cf. McAdams v. United States, 74 F.2d 37 (8 Cir. 1934). We find no merit in this claim. See Harding v. United States, supra, 337 F.2d at 257. Furthermore, we note that appellant does not question the trial court's instructions which properly charged the jury as to the burden of proof. Appellant's reliance upon the old rule governing circumstantial evidence is misplaced. This rule cited in Philyaw v. United States, 29 F.2d 225, 227 (8 Cir. 1928), that the circumstantial evidence necessary to sustain a conviction must be such to exclude every reasonable hypothesis but that of guilt of the accused, is no longer followed since Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). See full discussion in McClard v. United States, 386 F.2d 495, pp. 507–509 (8 Cir. Dec. 4, 1967) nn. 5, 6, 7 (dissenting opinion).

2. This statement was not explored further by either the government or appellant's counsel.

Illinois. Although the evidence is somewhat ambiguous, there exists some proof that on the first day appellant was seen driving the car in Missouri he did not have any keys to the automobile.[3] Another circumstance substantiating the government's case took place on September 11, 1966. On that date the appellant left the car at a service station in Ironton, Missouri, ostensibly for repairs; he then obtained a ride to the train depot, mentioning that "he was going to Illinois." *The car was left at the station for a period of 20 days,* suggesting an abandonment by appellant. After that time passed, the service station operator called the Missouri State Highway Patrol, ultimately leading to the identification of the stolen vehicle and appellant's arrest.

▮ Although the evidence presented is rather brief, nevertheless, in view of the favorable verdict, we must examine it in the light most favorable to the government. Thus, there was evidence of (1) appellant's possession of the stolen vehicle within 24 hours in a state other than its rightful owner's residence, cf. United States v. Kolakowski, 314 F.2d 699 (4 Cir. 1963); (2) operation of the stolen car without keys, cf. Brubaker v. United States, 183 F.2d 894 (6 Cir. 1950); (3) control of the automobile for 21 days, demonstrating at least putative ownership, and (4) abandonment in Missouri, cf. Platts v. United States, 378 F.2d 396 (9 Cir. 1967). We think it clear that the proof of possession did not stand unsupported and was sufficient to sustain the jury's finding of guilt.

Judgment affirmed.

3. Cross-examination by Mr. Hartzog:
"Q. Mr. George, are you able to tell us the *first* day that you saw Mr. Burke?
"A. Well, I am not positive of the day of the month. It was on Sunday.
"Q. It was on a Sunday?
"A. It was on a Sunday.
"Q. Was he driving this T-Bird automobile you referred to on that day?
"A. He was.

"Q. Did you happen to notice whether or not he had keys to the automobile?
"A. *No, he didn't.*
"Q. Did you *ever* notice, *at any time* during the time he was there around Eminence, whether he had keys to the automobile?
"A. I don't know if he had keys or not." R.13 L.9 (Emphasis ours.)