STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. VINCENT J. CANNARA, DEFENDANT-APPELLANT.

Argued December 5, 1968—Decided March 4, 1969.

*Mr. Barry R. Mandelbaum* argued the cause for defendant-appellant (*Messrs. Irving & Barry R. Mandelbaum* and *Mr. Charles Frankel,* attorneys; *Messrs Barry R. Mandelbaum* and *Avrom J. Gold* on the brief).

*Mr. Elliot L. Katz,* Assistant Prosecutor, argued the cause for plaintiff-respondent (*Mr. Vincent P. Keuper,* Monmouth County Prosecutor, attorney; *Mr. Thomas L. Yaccarino,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered

PER CURIAM. Appellant Vincent Cannara, along with a co-defendant Rosario Zarcaro, was found guilty by a jury of receiving stolen goods in violation of *N. J. S.* 2A:139-1. On his appeal, the Appellate Division affirmed his conviction. Zarcaro did not appeal. We granted Cannara's petition for certification. 52 *N. J.* 171 (1968).

The State's evidence showed the following: In December of 1964, and in January and February of 1965, the factory of the Freewood Sportswear Company was broken into and 615 items of women's clothing were stolen. The factory manager testified that the items were worth between ten and twenty dollars apiece, and the police, basing their valuation on Freewood's catalogue prices, concluded that the items were worth a total of $5,928.00. According to the State's witness Scatuorchio, in February of 1965 he, Cannara and Zarcaro met at Zarcaro's house where the articles of clothing, identified at the trial as the stolen goods, were being stored. He testified that at this meeting Cannara offered to sell the goods to Zarcaro for $800, but Zarcaro said the price was too high. The goods remained in Zarcaro's house until May of 1965 when the police seized them pursuant to a search warrant.

In Cannara's defense two witnesses testified that he had bought the goods for $500 from a trucker in Newark who had died prior to the trial; and that the trucker was in the

regular business of selling goods which had been damaged in transit. Cannara did not take the stand.

■ There was ample evidence upon which the jury could find Cannara guilty. Furthermore, apart from the constitutional attack on the application in this case of *N. J. S. 2A*: 139–1, the Receiving Stolen Property statute, the defendant's claims of error are without merit and warrant no discussion.

■ As to the constitutional issues, we have this day examined the fifth and fourteenth amendment aspects of *N. J. S. 2A*:139–1 in *State v. DiRienzo,* 53 *N. J.* 360 (1969). We there held that if the facts so warrant, the statute constitutionally permits a trial judge to charge the jury that if they find defendant possessed the stolen goods within a limited time from their theft, they may infer that the defendant had knowledge the goods were stolen. In the present case the evidence showed, among other things, that the defendant had possession and control of a large quantity of stolen clothing shortly after the theft. Under the circumstances of this case the judge was well warranted in charging that the jury could infer guilty knowledge from Cannara's possession of the goods. *State v. DiRienzo,* at 373. We also held in *DiRienzo* that the statute does not compel a defendant to be a witness against himself, nor as read to the jury in that case did the statute constitute impermissible comment on the defendant's failure to testify. *State v. DiRienzo, supra,* at 378, 380; see *United States v. Gainey,* 380 *U. S.* 63, 70–71, 85 *S. Ct.* 754, 13 *L. Ed. 2d* 658, 664–65 (1965). In the present case as well, the trial judge did not imply in his charge that any adverse inference could be drawn from the defendant's silence. In fact, the judge specifically instructed the jury that they should draw no inference from Cannara's failure to take the stand.

■ The other criticism to the charge, relating to an alleged shift in the burden of proof, was not raised by any objection at trial or before the Appellate Division. The judge correctly charged the jury that "the nub of the case is whether or not the State has shown beyond a reasonable

doubt that these people had stolen goods, and whether or not they knew it was stolen, because the burden of proof never shifts from the State." We have examined the charge and conclude that read as a whole the jury could not have been mislead on this point, and apparently, the experienced defense counsel at trial was in agreement. See *State v. Hipplewith,* 33 *N. J.* 300, 317 (1960); *Harding v. United States,* 337 *F. 2d* 254, 257 (*8th Cir.* 1964).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.