**UNITED STATES of America,
Appellee,**

v.

**John L. LODWICK, Jr., Appellant.**

**No. 19442.**

United States Court of Appeals
Eighth Circuit.

May 22, 1969.

Rehearing Denied June 26, 1969.

Walter A. Raymond, of Raymond, West & Strader, Kansas City, Mo., for appellant; Kenneth C. West, Raymond, West & Strader, and Harry A. Morris, of Morris, Sanders, King & Stamper, Kansas City, Mo., with him on the brief.

Vernon A. Poschel, Asst. U. S. Atty., Kansas City, Mo., for appellee; Calvin K. Hamilton, U. S. Atty., with him on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by defendant John L. Lodwick, Jr., from judgment and sentences imposed on June 21, 1968, after conviction by a jury, on each count of a two-count indictment and from the order entered August 26, 1968, denying defendant's post-trial motion for judgment in accordance with motion for acquittal or a new trial.

Count I of the indictment charged defendant with knowingly attempting to evade a large portion of his 1961 federal income tax by filing a false income tax return substantially understating his income, in violation of 26 U.S.C.A. § 7201. Count II charged defendant with willfully making and subscribing a 1961 income tax return which he did not believe to be true and correct as to all material matters, in violation of 26 U.S.C.A. § 7206(1). The court sentenced defendant to five years upon Count I and three years upon Count II under the provisions of 18 U.S.C.A. § 4208(b). The parties agree the sentences are to be served consecutively.

Defendant relies upon the following points for reversal:

1. The court erred in overruling his motions for acquittal which were reasserted in post-conviction motions as to each count for the reason that the Government failed to prove beyond a reasonable doubt:

(a) That defendant received any substantial items of income during

1961 which were not included in his 1961 tax return.

(b) That defendant in light of his physical and mental condition at the time he signed his 1961 return had cognition, volition and capacity to make him criminally responsible for his acts.

(c) That every element of the offenses alleged in each count was established.

2. The court erred in failing to sustain defendant's motion to require the Government to elect between Counts I and II of the indictment, thereby subjecting the defendant to double jeopardy and double punishment for one alleged offense, in violation of his Fifth Amendment rights.

Defendant in his first point challenges the sufficiency of the evidence to support the conviction on each count. Defendant in brief repeatedly asserts that his conviction is based on circumstantial evidence and hence the proven circumstances must be such as to exclude every reasonable hypothesis but that of guilt and that the proof in this case does not meet such standard. As stated by the defendant, we have on occasion applied such rule in our prior cases. However, the standard advocated by the defendant is rejected by the Supreme Court in Holland v. United States, 348 U.S. 121, 139, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150, as being "confusing and incorrect." The Court holds:

"Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, we can require no more."

We have recognized in our post-*Holland* decisions that the exclusion of every reasonable hypothesis other than that of guilt test is no longer valid. Burke v. United States, 8 Cir., 388 F.2d 286, 287, n. 1; McClard v. United States, 8 Cir., 386 F.2d 495, 508–509; Gregory v. United States, 8 Cir., 365 F.2d 203, 205; Wood v. United States, 8 Cir., 361 F.2d 802, 806.

■■ The burden of course is upon the Government to establish each of the essential elements of its case beyond a reasonable doubt. As pointed out in *Holland*, such right of the defendant is appropriately protected by proper instructions on reasonable doubt. No error is here urged in the court's instructions on reasonable doubt and our examination of the instructions satisfies us that the jury was properly charged on such issue.

■ In considering the sufficiency of the evidence to support a verdict in a criminal case, the evidence must be considered in the light most favorable to the prevailing party. Kayser v. United States, 8 Cir., 394 F.2d 601, 604; Burke v. United States, 8 Cir., 388 F.2d 286, 288; McClard v. United States, 8 Cir., 386 F.2d 495, 497; Canaday v. United States, 8 Cir., 354 F.2d 849, 851.

■ The Government as the prevailing party is entitled to the benefit of all reasonable inferences to be drawn from the evidence. Kayser v. United States, supra; Cross v. United States, 8 Cir., 392 F.2d 360; Cave v. United States, 8 Cir., 390 F.2d 58, 69.

■ In our present case, substantial evidence in support of all elements of the crimes charged is present. Such evidence if believed by the jury is adequate to support the guilty verdicts. Defendant has offered testimony which, if credited, would preclude his conviction. It is the function of the jury to pass upon the credibility of the witnesses and its determination when supported by

substantial evidence should not be upset by a reviewing court. Gregory v. United States, supra.

We have carefully examined the record. We shall not attempt to set out the voluminous evidence in detail. It is the Government's position that the defendant in his 1961 income tax return willfully understated his income by some $6625, all of which except for a $350 item arose out of fines defendant assessed in his capacity as a judge of the Magistrate Court, and which he received in 1961 and converted to his own use. The proof that the fines were levied and paid to defendant in currency or by check which he endorsed is clear and it is likewise established that said funds never reached the County Treasury. Most of the fines in controversy were collected on Saturdays when no regular clerk was on duty. A number of the fine payments are covered by a receipt issued by the defendant. Defendant's testimony is that he has no distinct recollection of the particular transactions. He asserts that all fines he collected were turned over to the clerk and that he has never misappropriated the proceeds of any fine. The regular clerks testified that they have never cashed any checks given in payment of fines but have deposited all checks coming into their hands in the appropriate account with endorsement by a "for deposit only" stamp, and that they likewise have accounted for all cash reaching their hands. Defendant opened a special account at the Excelsior Trust Company on October 10, 1961. Some of the fine money in controversy was traced to this account. The account was closed by a check payable to cash on September 17, 1962. Defendant testified that he did not know what became of the money. The clerks testified they were unaware of this account and that they made no withdrawals therefrom. Defendant testified the account was set up for refund of cash bonds or fines or both. When asked whether the Mahoney and Mautino fines, the proceeds of which had been placed in this account, were refunded he answered, "Not to my knowledge." There is no evidence to show that the proceeds of any cash bonds were deposited in this account or that any refund of cash bonds was made out of this account.

Defendant's 1961 return was filed while he was being treated at the Mayo Clinic for a skin disease and for the adverse effects of the drugs used in the treatment of the disease. Defendant offered testimony that he had no recollection of signing the return or of its contents and that by reason of his mental and physical condition at the time he signed he lacked capacity to have the criminal intent necessary to support the conviction. The issue of defendant's condition and his capacity to possess a criminal intent was submitted to the jury under instructions to which no exception was made, and such issue was obviously resolved by the jury against the defendant. The attending physician as a witness expressed the view that there was nothing about defendant's condition on the day of the signing of the return which would have affected his ability to sign the tax return or to have knowledge of its contents. We hold that a substantial evidentiary basis exists to support the jury verdicts.

The court did not commit error in denying defendant's motion to require the Government to elect between Counts I and II of the indictment. The offenses charged in the two counts are not identical. Section 7201 involved in Count I appeared as § 145(b) in I.R.C. 1939. Section 7206(1) appeared as § 145(c) in I.R.C. 1939. In Gaunt v. United States, 1 Cir., 184 F.2d 284, 288, the Court accurately sets out the difference between the § 145(b) and (c) charges as follows:

"It seems to us clear that [§ 145(c)] makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is

to say, it seems to us that the subsection's purpose is to impose the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood. Whereas subsection 145(b) condemns as felonious wilful attempts to evade or defeat taxes 'in any manner', and one manner, certainly, is by the wilful filing of a return known to be false in some material respect. Thus while the proof of an offense under subsection 145(b) may incidentally also prove an offense under § 145(c), it must in addition indicate an intent in some manner to evade or defeat a tax which is due. In brief, it seems to us evident that the scope of the two subsections is different with respect to an attempt to evade or defeat taxes, and certainly the language of § 145(b) is broad enough to include the filing of a false and fraudulent return as a punishable manner of attempted tax evasion."

The court held that both charges were properly submitted to the jury and that the § 145(c) charge is a crime which is an included offense of the crime charged in § 145(b). The element essential for the § 145(b) charge (§ 7201) not required in the § 145(c) charge (§ 7206(1)) is intent to evade or defeat the tax.

In Hartman v. United States, 8 Cir., 245 F.2d 349, 351–352, we quoted extensively from and followed *Gaunt*. The court in *Gaunt* further held that while both charges could be submitted to the jury, only one sentence could be imposed. Support for such view may be found by analogy in Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, arising out of multiple offenses set out in the Federal Bank Robbery Act. In that case, the right to impose penalties for multiple charges arising out of the same transaction was rejected. To like effect, see Hardy v. United States, 8 Cir., 292 F.2d 192.

██ As heretofore pointed out, the statutes on which the charges now before us are based originally appeared as §

145(b) and (c) of I.R.C. 1939. Varying penalties are fixed for the acts proscribed by § 145. Here, as in *Prince*, we do not believe it can fairly be said that Congress intended to pyramid penalties and authorize a separate penalty for an included lesser offense which arose out of the same transaction and which would be established by proof of guilt of the greater offense.

██ The conviction and sentence on Count I is affirmed. The court erred in sentencing defendant on Count II. This case is remanded to the District Court with direction to vacate the sentence imposed upon Count II.

Affirmed on Count I; reversed and remanded on Count II.