Otis Hedges **ASHLEY** and Dewey Arnold Cody, Appellants,

v.

**UNITED STATES of America,**
Appellee.

No. 26122.

United States Court of Appeals
Fifth Circuit.

June 26, 1969.

Max B. Kogen, Miami, Fla., for appellants.

William A. Meadows, Jr., U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

SIMPSON, Circuit Judge:

Appellants were indicted for knowingly transporting stolen cineboxes[1] from Miami, Florida, to Mobile, Alabama and Morgan City, Louisiana, in violation of Title 18, U.S.C. § 2314. They were tried to a jury and convicted. Appellant Cody received an eighteen month sentence while Ashley was sentenced to a three year term.

The appellants urge that the trial court erred (1) because a police report based on hearsay was admitted into evidence, and (2) because the jury was erroneously instructed that unexplained possession of recently stolen property could be considered as an inference of knowledge by the appellants that the property was stolen. We find both contentions to be devoid of merit and accordingly affirm.

The appellants correctly state that the government had the burden of proving that the machines crossed state lines.[2] This was jurisdictional. The appellants argue that the government's method of proof was prejudicial.

The investigating officer, Metcalf, testified that during his investigation of the incident, he requested that the company president, Mr. Taran, provide a list of the serial numbers of the missing machines. Subsequently, Officer Metcalf received the numbers by telephone and recorded them in the investigation report. At trial, this report was admitted into evidence.

The appellants contend that the admission of this report was uncorroborated hearsay which was prejudicial because it provided the only link with the cineboxes found in Alabama and Louisiana. The appellants' contention would have merit if the report was the only proof of the serial numbers. See United States v. Graham, 6 Cir. 1968, 391 F.2d 439.

The government introduced two invoices which were made in the ordinary course of business by the original shipper and received and kept in the ordinary course of the business of Cinebox Corporation of Florida. Consequently they were admissible under the business records statute, Title 28, U.S.C. § 1732. These invoices listed the serial numbers of all the cineboxes that the Company received on the two occasions of its pur-

1. A cinebox is a coin-operated music or juke box which has cinema film which is shown concurrently with the music recording.

2. Title 18, U.S.C. § 2314 provides in pertinent part:

"Whoever transports *in interstate commerce* any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen [shall be punished]." (Emphasis added)

chase of such goods. Mr. Taran, the company president, testified that the Company's procedure was to record the serial numbers contained in the invoices on separate inventory sheets. On these sheets, the Company would note such events as sale, damage, and warehouse storage. Mr. Taran used these sheets, rather than the invoices introduced, to provide the police with the serial number information. Unexplainably, the government failed to introduce these sheets. Their production doubtless would have eliminated any question as to the sufficiency of proof of the serial numbers. Certainly, a better procedure would have been to introduce both the invoices and the inventory sheets. Nonetheless we conclude that the invoices introduced were sufficiently corroborative of the police report to remove any taint of unreliability. This is so because the numbers found on the stolen cineboxes were exactly the same as those found in the police report. These in turn were identical to those included in the original invoices.

The second alleged error, that the court improperly instructed the jury that the unexplained possession of recently stolen property gives rise to an inference of guilty knowledge of its stolen character, is completely without merit. The charge [3] given by the trial court was identical to the one labelled as a model charge by this Court in Orser v. United States, 5 Cir. 1966, 362 F.2d 580. Contrary to the appellants' contention, the holding of *Orser* is viable even after

Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, because the charge in no way creates an inference of guilt from the silence of the accused.

Affirmed.

---

3. *"Possession of property recently stolen, if not satisfactorily explained is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen.* (Instruction specifically objected to by appellants.)

"Possession in one state of property recently stolen in another state, if not satisfactorily explained, is a circumstance from which the jury might reasonably infer and find, in light of surrounding circumstances that the person in possession not only knew it to be stolen but also transported or caused it to be transported in interstate commerce.

"In considering whether possession of recently stolen property has been satisfactorily explained, you will bear in mind that, in the exercise of constitutional rights, the accused need not take the stand and you may draw no inference of guilt or innocence from the failure to take the stand and testify. He has an absolute right not to do so.

"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused. * * * If any possession the accused may have had of recently stolen property is consistent with innocence the jury should acquit the accused."