**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Benjamin BLAND, Sr.,**
**Defendant-Appellant.**

**No. 28877**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 25, 1970.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Sehrt, Boyle, Wheeler & Butler, Virgil M. Wheeler, Jr., New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., Chief, Criminal Division, New Orleans, La., for the United States.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant Bland was convicted of violating 18 U.S.C. § 2313 [1] which prohibits knowingly receiving and concealing a stolen motor vehicle which has been transported in interstate commerce. We affirm the conviction.

■ Appellant's first assignment of error relates to the introduction of allegedly inadmissible evidence, namely, testimony concerning a red Cadillac and a 1962 Chrysler, neither of which appellant was charged with receiving or concealing. As to the stolen red Cadillac the record on appeal demonstrates that testimony dealing with this car was first elicited by appellant's own counsel while cross-examining an agent of the Federal Bureau of Investigation and then again mentioned by a prosecution witness in rebuttal to a previous statement by Bland that he had not rented a parking stall for such a car. Introduction of the red Cadillac was obviously not erroneous when invited by appellant himself, Hanks v. United States, 10 Cir., 1968, 388 F.2d 171, and neither was this evidence error in the second instance because once Bland elected to testify in his own behalf he became subject to impeachment just as is any other witness. Sharp v. United States, 5 Cir., 1969, 410 F.2d 969.

■ Appellant's statements on cross-examination that he received no insurance compensation after the 1962 Chrysler was reported stolen were admissible in spite of the general rule excluding evidence of other unconnected offenses not charged in the indictment. This testimony tended to show motive or criminal intent for the receipt of a stolen vehicle bringing it under the well-known exception to the general exclusion of evidence relating to other offenses. See Fineburg v. United States, 9 Cir., 1968, 393 F.2d 417, and cases cited therein.

■ The next contention is that the district court erred by charging the jury that possession of recently stolen property creates an inference in the light of surrounding circumstances that the possessor knew the property to be stolen. This claim is without merit for this court has repeatedly upheld similar inference instructions as not violative of the Fifth Amendment protection against self-incrimination. United States v. Cook, 5 Cir., 1969, 419 F.2d 1306; Ashley v. United States, 5 Cir., 1969, 413 F.2d 249; Orser v. United States, 5 Cir., 1966, 362 F.2d 580.

■ Finally, appellant advances the argument that he was denied access to additional government files which might have revealed evidence favorable to his defense. With the exception of certain files viewed in camera, the Government turned over its entire file used in the prosecution and then stated that no further evidence concerning Bland was contained in its records. The court below did not abuse its discretion in refusing to allow additional inspection which could only be described as a "fishing expedition" or a refinement of facts already possessed by appellant. See United States v. Fioravanti, 3 Cir., 1969, 412 F.2d 407.

Affirmed.

---

I. "Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than 5 years or both."