**UNITED STATES of America,**
**Appellee,**

v.

**Maynard John VERDOORN, a/k/a John**
**Maynard Verdoorn, Appellant.**

**No. 20271.**

United States Court of Appeals,
Eighth Circuit.

Nov. 30, 1970.

Raymond B. Johansen, Sioux City, Iowa, filed brief for appellant.

Evan L. Hultman, U. S. Atty., Sioux City, Iowa, and Dennis D. Meridith, Asst. U. S. Atty., filed brief for appellee.

Before MEHAFFY, GIBSON and LAY, Circuit Judges.

PER CURIAM.

The defendant was tried on January 23, 1970, and convicted by a jury for interstate transportation of a stolen vehicle in violation of 18 U.S.C.A. § 2312. He appeals that conviction. We affirm.

The evidence shows that on October 29, 1969, a 1967 White Trend van truck was stolen from Leased Trucks, Inc. in Sioux City, Iowa. On the same evening, the defendant was observed driving the truck by three witnesses in North Sioux City, South Dakota, a nearby border town. The truck was found abandoned in North Sioux City, South Dakota, some 24 hours later. It had been driven 600 miles between the time of the theft and its recovery.

The defendant does not challenge the sufficiency of the evidence. His sole contention on appeal is that the trial court erred in instructing the jury that they could infer from possession of property recently stolen, when not satisfactorily explained, knowledge that the property was stolen. Defendant urges that this instruction shifts the burden of proof to the defendant thereby depriving him of his constitutional presumption of innocence.

Defendant acknowledges that this same attack has been rejected by this court and other courts of appeals, citing McIntosh v. United States, 341 F.2d 448, 456 (8 Cir. 1965); Sewell v. United States, 406 F.2d 1289, 1294 (8 Cir. 1969); United States v. Wenner, 417 F.2d 979, 982 (8 Cir. 1969) and cases cited therein; Orser v. United States, 362 F.2d 580, 582 (5 Cir. 1966); Ashley v. United States, 413 F.2d 249 (5 Cir. 1969), and United States v. Hood, 422 F.2d 737, 741 (7 Cir. 1970).

Defendant does not offer any new argument not previously considered. As we have repeated on prior occasions:

"Contrary to appellant's contention, this burden was not shifted by the portion of the charge which only permitted, but did not require, the jury to infer from appellant's possession of the automobile that he had transported it in interstate commerce." Harding v. United States, 337 F.2d 254, 257 (8 Cir. 1964).

Judgment affirmed.