**UNITED STATES of America,**
Appellee,

v.

**Gale Hearold JOHNSON, Appellant.**

**No. 20627.**

United States Court of Appeals,
Eighth Circuit.

May 13, 1971.

Joseph Z. Marks, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., John B. Grier, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Defendant appeals his criminal conviction under 18 U.S.C.A. § 641 for wilfully and knowingly receiving, concealing and retaining 64 blank United States postal money orders in excess of $100 knowing the same to have been stolen. Several points of error are raised. The defendant attacks the admissibility of stolen traveler's checks found in his possession at the time of arrest, the court's instruction relating to the possession of stolen property, and the court's instruction and evidence relating to a "thieves' market" in establishing "value" of the money orders. We affirm.

■ The traveler's checks and the stolen money orders were taken in a burglary from a boy's school in Colorado on the 2nd or 3rd of April, 1970. Defendant was employed nearby. He was arrested on May 7, 1970, when he attempted to sell the money orders to undercover agents of the Iowa Bureau of Investigation. The traveler's checks were admitted into evidence as bearing on the wrongful intent of the defendant. United States v. Bessesen, 433 F.2d 861 (8 Cir. 1970); United States v. Lewis, 423 F.2d 457 (8 Cir. 1970); cert. denied. 400 U.S. 905, 91 S.Ct. 146, 27 L.Ed.2d 142 (1970); Von Feldt v. United States, 407 F.2d 95 (8 Cir. 1969); Love v. United States, 386 F.2d 260 (8 Cir. 1967), cert. denied 390 U.S. 985, 88 S.Ct. 1111, 19 L.Ed.2d 1286 (1968). Cf. United States v. Crawford, 438 F.2d 441 (8 Cir. 1971). Our review of the record satisfies us that sufficient foundation was laid for the checks. We find that under the cautionary instruction of the court they were clearly admissible.

■ The point raised concerning the instructions and permissible inference arising from the possession of recently stolen property has been discussed too frequently to be repeated. Counsel raises no new challenge. The principle of these cases refutes defendant's contention. See Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Teel v. United States, 407 F.2d 604 (8 Cir. 1969); Pigman v. United States, 407 F.2d 237 (8 Cir. 1969); Sewell v. United States, 406 F.2d 1289 (8 Cir. 1969); Anderson v. United States, 406 F.2d 529 (8 Cir. 1969); Burke v. United States, 388 F.2d 286 (8 Cir. 1968); Aron v. United States, 382 F.2d 965 (8 Cir. 1967); Lee v. United States, 363 F.2d 469, 474 (8 Cir. 1966), cert. denied 385 U.S. 947, 87 S.Ct. 323, 17 L.Ed.2d 227 (1966); Cloud v. United States, 361 F.2d 627 (8 Cir. 1966). For a specific refutation of defendant's argument that the burden of proof is changed, see Harding v. United States, 337 F.2d 254, 257 (8 Cir. 1964). Cf. United States v. Jones, 418 F.2d 818 (8 Cir. 1969).

■ Argument is made that possession of stolen money orders without equipment to validate them does not in itself prove that the blank money orders have value. The fact that Johnson himself asked $150 for eight of these orders establishes "value" under the statute. Cf. Montgomery v. United States, 403 F.2d 605, 610 (8 Cir. 1968), cert. denied 396 U.S. 859, 90 S.Ct. 126, 24 L.Ed.2d 110 (1969). There was additional testimony as to the value of the stolen items in a "thieves' market." As recognized in United States v. Kramer, 289 F.2d 909, 920 (2 Cir. 1961): "[I]t does not follow that a stolen blank money order can never be worth more than the nominal value of the paper." Defendant's contention is similar to one disposed of in Churder v. United States, 387 F.2d 825, 833 (8 Cir. 1968). The fact that no

---

* Of the First Circuit, sitting by designation.

**320**

additional equipment was found in Johnson's possession does not detract from the remaining evidence that the stolen money orders did in fact have a value within the meaning of the statute.

Judgment affirmed.