UNITED STATES of America,
Appellee,

v.

Bernard William JOHNSON, Appellant.

No. 72–1105.

United States Court of Appeals,
Eighth Circuit.

Submitted July 17, 1972.

Decided Sept. 14, 1972.

Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 921.

Paul H. Kinion, Cedar Rapids, Iowa, filed brief, for appellant.

Evan L. Hultman, U. S. Atty., and Robert L. Sikma, Asst. U. S. Atty., Sioux City, Iowa, filed brief, for appellee.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Bernard William Johnson appeals his Dyer Act (18 U.S.C. § 2312) conviction upon an indictment charging him with knowingly transporting a stolen Chevrolet automobile from Prairie du Chien, Wisconsin, to Elkader, Iowa. We have considered the appeal while screening cases for assignment to the calendar under Rule 6 of the rules of this court.[1] Having examined the briefs of the parties and the original district court records of this case, we deem the issues on appeal appropriate for summary disposition. *See* Rule 9 of the rules of this court.[2] For the reasons stated below, we direct that this appeal be dismissed.

---

1. Rule 6 provides:
   (1) The Chief Judge may, from time to time in his discretion, appoint a panel or panels of judges of this Court to screen pending cases for appropriate assignment or disposition under the rules of this Court.
   (2) A Screening Panel may classify a case as one requiring a full argument— 30 minutes, an abbreviated argument—15 minutes, or as one requiring no argument.
   (3) The Clerk shall notify the parties of record when a case is classified as one in which no oral argument will be permitted. Any party so notified may request the Court to reclassify the case as one requiring oral argument by filing a written request for reclassification within five days of the receipt of the notification.
   (4) The Clerk shall indicate on the calendar the time allocated for the argument of each case, and shall indicate those cases that will be heard without oral argument.

2. Rule 9 reads:
   If upon consideration of any interlocutory motion, or as a result of a review under Rule 6, it shall appear to the Court that the appeal is frivolous and entirely without merit, the appeal may be dismissed without the notice contemplated in Rule 8.

The facts are not in dispute. Marlow H. Gisleson of Prairie du Chien, Wisconsin, testified that upon leaving a neighborhood bar on October 17, 1971, he discovered that his car, containing his personal check blanks, was missing from a nearby parking lot. Gisleson identified the defendant, Bernard William Johnson, as the stranger who had left the bar shortly before Gisleson discovered the theft of his automobile. Another witness identified appellant Johnson as the person who that day cashed a $5 check made out on one of Gisleson's personalized blanks. Later that same day, police apprehended Johnson in Elkader, Iowa, while he was attempting to purchase gas for Gisleson's car. Other testimony introduced by the prosecution indicated that defendant had stolen Gisleson's automobile and thereafter had transported it in interstate commerce.

On this appeal Johnson does not question the sufficiency of the evidence to establish his guilt but contends (1) that the trial court denied him a fair and impartial trial and due process of law by failing to give the jury a written copy of the oral jury instructions; and (2) that the trial court erred in instructing the jury that it might infer guilt from defendant's possession of recently stolen property.[3] Johnson argues that allowing the jury to draw such an inference invaded his Fifth Amendment protection against self-incrimination and that the giving of such an instruction violated his rights to "due process" by requiring him to assume the burden of proving himself innocent.

■ The objection to the failure to give written instructions is utterly without merit since appellant made no request that the trial court furnish written instructions to the jury, nor did he object when the court advised the jury that it would receive oral and not written instructions. *See* Rule 30 Fed.R. Crim.P. The failure to give the jury a set of written instructions did not constitute plain error under Rule 52(b) Fed.R.Crim.P., since granting or denying such a request, if it had been made, lies within the discretionary powers of the trial court. United States v. Davis, 437 F.2d 928, 929 n.1 (7th Cir. 1971); United States v. Cobb, 397 F.2d 416, 419 (7th Cir.), cert. denied, 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968); Oertle v. United States, 370 F.2d 719, 729 (10th Cir. 1966), cert. denied, 387 U.S. 943, 87 S.Ct. 2075, 18 L.Ed.2d 1329 (1967); McDaniel v. United States, 343 F.2d 785, 789 (5th Cir.), cert. denied, 382 U.S. 826, 86 S.Ct. 59, 15 L.Ed.2d 71 (1965).

■ In regard to the challenged jury instruction, we have many times approved similar instructions permitting an inference of guilt to be drawn from a defendant's possession of recently stolen property in Dyer Act and other prosecutions. United States v. Johnson, 442 F. 2d 318, 319 (8th Cir. 1971); United States v. Verdoorn, 433 F.2d 1370 (8th Cir. 1970); United States v. Wenner, 417 F.2d 979, 983 (8th Cir. 1969), cert. denied, 396 U.S. 1047, 90 S.Ct. 700, 24 L.Ed.2d 692 (1970); Sewell v. United States, 406 F.2d 1289, 1294 (8th Cir. 1969); Teel v. United States, 407 F.2d 604, 606 (8th Cir. 1969); Aron v. United States, 382 F.2d 965, 972 (8th Cir. 1967); Lee v. United States, 363 F.2d 469, 474 (8th Cir.), cert. denied, 385 U.S. 947, 87 S.Ct. 323, 17 L.Ed.2d 227 (1966); Harding v. United States, 337 F.2d 254, 257 (8th Cir. 1964).

We have also specifically rejected the arguments that an instruction of this type invades a defendant's Fifth Amendment right to be free from self-incrimination, United States v. Brocato, 437 F. 2d 1157 (8th Cir.), cert. denied, 402 U.S. 1010, 91 S.Ct. 2196, 29 L.Ed.2d 433 (1971); Cloud v. United States, 361 F.

---

3. The court instructed:
  If the jury finds that defendant had possession of a recently stolen motor vehicle that had been transported across state lines, the jury is permitted but not required to infer that defendant is guilty unless possession by the accused is explained to the satisfaction of the jury by other facts and circumstances in evidence in the case.

2d 627 (8th Cir. 1966), or that such an instruction shifts the burden of proof to defendant and, thus, deprives him of his constitutional presumption of innocence. United States v. Verdoorn, *supra*, 433 F.2d 1370, and cases cited therein.

Accordingly, we dismiss the appeal.