**Rochell WHITEHORN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18649.**

United States Court of Appeals Eighth Circuit.

Aug. 3, 1967.

Fred Leicht, Jr., St. Louis, Mo., for appellant.

Irvin L. Ruzicka, Asst. U. S. Atty., St. Louis, Mo., for appellee; Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., with him on the brief.

Before VOGEL, Chief Judge, and VAN OOSTERHOUT and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The defendant, Rochell Whitehorn, was convicted by a jury on Counts I and III of an indictment and was sentenced to forty-two months imprisonment on each count, the sentences to be served

concurrently. Count I charged the defendant with unlawfully having in his possession a United States Treasury check for $125.40 payable to John S. Williams, which check had been stolen from the mails, the defendant having knowledge that such check had been stolen, all in violation of 18 U.S.C.A. § 1708.

Count III charged that defendant, with intent to defraud the United States, did utter and publish as true a falsely altered and forged writing, to wit, the check hereinabove described bearing a forged endorsement of the payee, defendant knowing that such check was falsely altered and forged, all in violation of 18 U.S.C.A. § 495.

Count II, not here material, charging the defendant with forging the endorsement on the check in violation of 18 U.S.C.A. § 495, was dismissed prior to trial.

This is a timely appeal in forma pauperis by defendant from his conviction on Counts I and III of the indictment and the resulting sentence. Defendant has been represented by court-appointed counsel both in the trial court and here.

Defendant's asserted points for reversal are summarized and restated as follows:

I. Error committed in overruling defendant's motions for acquittal made at the close of the Government's case and again at the close of all of the evidence and his motion for acquittal notwithstanding the verdict. All motions were directed at each count of the indictment upon which defendant was convicted and grounded upon insufficiency of the evidence to support a conviction.

II. Prejudicial error caused by unlawful initial arrest of defendant prior to indictment and the failure to accord defendant a preliminary hearing upon the complaint filed with the commissioner.

III. Prejudicial comment by the prosecuting attorney in closing argument and prejudicial error on the part of the court in incorporating in its instructions all of 18 U.S.C.A. § 1708.

A careful consideration of the entire record convinces us that the defendant's assertions lack merit, that defendant has had in all respects a fair trial and that the conviction should be affirmed. We shall consider the errors in the order in which they have been stated.

I.

An adequate evidentiary basis exists to support the conviction of the defendant on the Count I possession charge. Defendant took the witness stand and denied that he had ever had possession of the check. His testimony is squarely contradicted by Mr. Riek, the operator of a check cashing agency, who testified that defendant came to his place of business on the morning of September 12, 1966, and produced and attempted to cash the Williams check described in the indictment which already bore an endorsement purported to be that of Williams. Mr. Riek was not satisfied with the identification furnished by the defendant purporting to show that he was the payee Williams. At Riek's request, defendant wrote the name "Williams" on the identification card he presented. Defendant left to meet a court appointment stating that he would be back later and asked Mr. Riek to be sure to remember him.

Riek retained the check and identification card and called in the Secret Service. Two agents of that agency came to Riek's place of business to investigate, taking the check with them. They returned in the afternoon of that day, returning the check to Riek, and were on the premises when defendant returned to obtain the check or its proceeds. The presence of the Secret Service agents at the time of defendant's afternoon call corroborates Riek's testimony that defendant's first call at the check cashing office was on the morning of September 12. Defendant's credibility pre-

sented a jury question for jury determination.

Defendant also challenges the proof that the check was stolen from the mail. The Government's evidence establishes that the check in controversy, dated September 1, 1966, was issued for monthly railroad retirement benefits due Williams, and was mailed along with many similar checks from the Chicago office on August 30, 1966. The envelope carrying the check was addressed to John S. Williams, 1342 Temple, St. Louis, Missouri.

Mr. Williams as a witness testified that some months prior to September 1966 he had moved to 5656 Church Street, St. Louis; that he had furnished the post office with his forwarding address on the appropriate form; that he had received his July and August checks and that he had been watching his mail box but never received the September 1, 1966, check here involved and that he had not endorsed such check or authorized any one else to do so.

Additionally, two Secret Service agents testified that they saw defendant while in their office throw an item into the waste basket; that such item was retrieved and was an envelope of a type used exclusively for mailing railroad retirement checks. Such envelope was produced and received in evidence.

In a case strikingly similar factually, the late Chief Judge Clark of the Second Circuit, in United States v. Hines, 2 Cir., 256 F.2d 561, 564, held the evidence sufficient to sustain a conviction under § 1708, stating:

"We have reiterated many times that the jury may make common-sense inferences from the proven facts in both civil and criminal cases. (Citations omitted.) Here, in the absence of a contrary explanation, it could be rationally inferred from the proof that the letter containing the check was stolen from the mails. While the defendant testified, it was to deny everything in effect; and since the jury found this denial obviously false, the inference became yet more natural. Thus the indictment was proper, and the evidence adequate; * * *."

We agree with the foregoing statement of applicable law. In our case, an ample evidentiary basis exists for an inference that the check was stolen from the mails.

Defendant's possession of the stolen check within two weeks of the time it was stolen, absent a reasonable explanation for such possession, affords an adequate basis for an inference that the party in possession knew the check was stolen. See Minor v. United States, 8 Cir., 375 F.2d 170, 173; Lee v. United States, 8 Cir., 363 F.2d 469, 474.

Defendant's attempt to identify himself as the payee Williams and his attempt to destroy the mailing envelope, as well as the contradiction of many aspects of his testimony by disinterested witnesses, strengthens the reasonableness of such inference in the present case. See Whiteside v. United States, 8 Cir., 346 F.2d 500, 504.

We hold that there is substantial evidentiary support for defendant's conviction on the § 1708 Count I charge and that the motions for acquittal on such count were properly overruled.

Inasmuch as concurrent sentences were imposed with respect to Count I and Count III, our holding as to Count I fully supports the sentence imposed and no need exists to consider the sufficiency of the evidence to support the Count III conviction. See Lawn v. United States, 355 U.S. 339, 359, 78 S. Ct. 311, 2 L.Ed.2d 321; Whiteside v. United States, supra. In any event, our examination of the record satisfies us that substantial evidentiary support exists for the Count III conviction.

## II.

Defendant was initially arrested upon a warrant issued September 12, 1966, based on a complaint filed with the commissioner. Defendant asserts such arrest was illegal because of inadequate showing of probable cause for the issu-

ance of the warrant. No evidence, confession or anything incriminating was obtained as a result of such arrest except for an unimportant item which was suppressed. Defendant was subsequently legally arrested upon a warrant issued pursuant to the indictment returned against him. He was properly arraigned and entered a plea of not guilty to the pending counts. Under the circumstances, we find it wholly unnecessary to resolve the issue of whether probable cause existed for the issuance of the warrant based upon the preliminary information. Such arrest can have no possible affect upon the validity of his conviction upon the indictment. There is absolutely no showing that defendant's rights to a fair trial in the present case were prejudiced in any way by the earlier arrest.

■ Defendant further contends that his rights were prejudiced by the failure to accord him a preliminary hearing. Defendant after his September 12 arrest appeared before the commissioner on seven different occasions. He was not represented by counsel on his first four appearances. Defendant indicated that he thought he could employ counsel and the preliminary hearings were postponed pending availability of counsel. Counsel was appointed for the defendant on September 22 and thereafter preliminary hearing was set by agreement for October 7. The indictment was returned on October 5. The return of such indictment superseded the complaint procedure and eliminated any necessity for a preliminary hearing. Jaben v. United States, 381 U.S. 214, 220–221, 85 S.Ct. 1365, 14 L.Ed.2d 345; Vincent v. United States, 8 Cir., 337 F.2d 891, 896; Barrett v. United States, 8 Cir., 270 F.2d 772, 775–776.

The interval between the arrest and the indictment here was twenty-three days. The continuances granted were largely for defendant's convenience and

benefit. Defendant has failed to show any prejudice resulted from lack of a preliminary hearing. He was furnished such information as he sought in response to his request for bill of particulars and took no steps to postpone the trial on the basis that he had insufficient time to prepare his defense.

### III.

■ Lastly, defendant urges prejudicial comments were made by the prosecutor in his closing argument and that the court erred in setting out in full 18 U.S.C.A. § 1708. Such statute covers the offense charged in Count I and in addition proscribes forgery, an offense upon which defendant was not tried. The short and conclusive answer to all such contentions is that they were not timely raised in the trial court and hence cannot be considered upon appeal. See Petschl v. United States, 8 Cir., 369 F.2d 769, 773, and cases there cited; Aggers v. United States, 8 Cir., 366 F.2d 744, 748.

No objection was made to the prosecutor's statement prior to the verdict nor was any motion for mistrial made. Objection was first presented in a motion for new trial. No exception or criticism of the court's instructions was made at any time in the trial court. Defendant was afforded a fair opportunity to except to the instructions and advised the court that he had no exceptions or suggestions.

■ We have examined the errors urged in this division in light of the record as a whole and are completely satisfied that the errors asserted did not deprive the defendant of a fair trial or cause a miscarriage of justice. The asserted errors fall far short of constituting plain error noticeable under Rule 52(b).

The judgment appealed from is affirmed.