**Clarence Lee TAYLOR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 20602.**

United States Court of Appeals,
Eighth Circuit.

April 12, 1971.

Rehearing Denied April 27, 1971.

James E. Hullverson, St. Louis, Mo., for appellant.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., and Robert B. Schneider, Asst. U. S. Atty., for appellee.

Before VOGEL and ROSS, Circuit Judges, and STEPHENSON, Chief District Judge.

STEPHENSON, Chief District Judge.

Clarence Lee Taylor appeals in forma pauperis from a judgment entered upon a jury's verdict finding him guilty upon a single-count information charging him with unlawful possession of mail matter knowing it to be stolen, in violation of 18 U.S.C. § 1708. A defense motion to set aside and vacate the judgment was appropriately made but denied by the Court (The Honorable Roy W. Harper).

Mention should perhaps be made that this was Taylor's second trial before the same judge on the charge under this information; that the first trial resulted in a mistrial; and that the defendant was represented at both trials by the same counsel.

The mail matter in question consisted of one United States savings bond and three United States Treasury checks. One of the three checks was made payable to and endorsed in blank by Theodore Kessler.

The case comes down to the Court's instruction that, "if you find beyond a reasonable doubt that on or about the

7th day of May, 1970, in the City of St. Louis, Missouri, the defendant, Clarence Lee Taylor, did have in his possession any one of certain mail matters and an article contained therein, that is, (1) a certain United States Treasury check * * *; (2) a certain United States Treasury check * * *; (3) a certain United States Treasury check in the sum of $96.00, issued and dated at Austin, Texas, May 1, 1970, payable to Theodore Kessler, bearing serial number * * *; and (4) a certain United States Savings Bond * * *, and if you further find that any one of the said mail matters and the article contained therein had been theretofore stolen and unlawfully taken and abstracted from and out of the United States mail, and if you further find that the defendant, Clarence Lee Taylor, at the time of having any one of said mail matters and said checks or bond in his possession, knew same were stolen, you should find defendant guilty." The defense took exception to the foregoing instruction at the trial upon the ground that the submission to the jury of the Kessler check ((3) in the instruction) was in error because "It is the position of the defendant that this jury cannot convict Mr. Taylor of that charge by reason of the fact that on its face it is a negotiable document and there is no way that if Mr. Taylor had it in his possession he could possibly know that it was a stolen document as a matter of law."

The defense argument centers on the bearer character of the Kessler paper. In his brief Taylor asserts and stresses that the Kessler check was endorsed in blank; that the blank endorsement converted the instrument into bearer paper, making the paper negotiable by delivery alone; that in the absence of evidence to the contrary no inference or finding of unlawful possession can be made from the mere possession of bearer paper; that in the absence of evidence to the contrary no inference or finding that Taylor knew the paper to be stolen can be deduced from his possession thereof because of its bearer character; and

that Judge Harper's instruction constitutes reversible error "in that as a matter of law no jury could find that defendant's possession of the Kessler check was 'unlawful' or that defendant 'knowingly' was in unlawful possession of the Kessler check." The argument pressed upon us by the prosecution is that the Court's instruction was supported by the evidence but if, conceivably, there might be error therein, it was not prejudicial.

We note initially that in contradistinction to its application to the Kessler paper, the defense now makes no complaint of the trial court's instruction insofar as it applies to the two remaining Treasury checks and the one savings bond. As a consequence, the defense position basically is that because the instruction as applied to the Kessler paper concededly could be said to be somewhat close, we must reverse. We are not so persuaded.

The Government's evidence showed that on the evening of May 7, 1970, Detectives Vincent Stehlin, Wayne Thornberry, Fred Armes and James Enright, all of whom were police officers from the Third District Police Station, City of St. Louis, conducted a surveillance at 1071 Tower Grove, in the City of St. Louis, Missouri; that after conducting the surveillance, the four detectives went to the front door of 1071 Tower Grove and were admitted by David Newhouse; that Stehlin and Thornberry went to a bedroom situate on the northwest side of the residence; that they observed the defendant Taylor, alone in the room, "slouched" on a bed in the northeast corner in the rear bedroom; that Taylor was placed under arrest and then searched by Stehlin; that the search of Taylor's person produced a white envelope containing three United States Treasury checks (the Kessler check included) and one United States savings bond from his right rear pocket; and that there were several other papers bearing Taylor's name in the same envelope. The checks and savings bond were admitted in evidence without defense objection.

We have no difficulty in concluding that the evidence here is sufficient to support the jury finding of guilty, taking, of course, the evidence in the light favorable to the Government as the prevailing party [United States v. Lodwick, 410 F.2d 1202, 1204 (8th Cir. 1969), cert. denied, 396 U.S. 841, 90 S.Ct. 105, 24 L.Ed.2d 92], and resolving all reasonable inferences in favor of the Government [Friedman v. United States, 347 F.2d 697, 706 (8th Cir. 1965), cert. denied, 382 U.S. 946, 86 S.Ct. 407, 15 L. Ed.2d 354]. The facts thus measured establish without room for argument that (a) the checks and bond found in Taylor's possession were recently stolen; (b) Taylor did not give a reasonable explanation as to his possession of these articles;[1] (c) none of the payees of the check and bond received their check or bond; and (d) none of these payees gave Taylor permission to possess their check or bond. All this means, of course, that the jury verdict has adequate foundation in the evidence. The jury obviously refused to accept defendant's denial of possession of, or knowledge of, the existence of the checks and bond. They could reasonably infer that the checks and bond, including the Kessler check, were recently stolen from the mails and that defendant when in possession of said articles knew the same were stolen. Whitehorn v. United States, 380 F.2d 909, 912 (8th Cir. 1967). Cf. United States v. Jones, 418 F.2d 818, 827 (8th Cir. 1969). In this posture, the fact that the Kessler check is bearer paper is not persuasive.

We therefore conclude that the Court's instruction was proper, that it was amply supported by the evidence, and that upon the evidence the jury might properly conclude that Taylor was guilty as charged in the information. We, therefore, do not reach appellee's contention that even if there were error in the challenged instruction, the same was harmless (28 U.S.C. § 2111).

We are grateful to Mr. James E. Hullverson, court-appointed counsel for the defendant. He has adequately presented all aspects of the defendant's case.

---

1. The defendant took the stand and denied possession or knowledge of the existence of the checks and bond.