**UNITED STATES of America, Appellee,**

v.

**Bobbie Gene LIGGINS, Appellant.**

**No. 71–1137.**

United States Court of Appeals, Eighth Circuit.

Nov. 17, 1971.

Alfred I. Harris, St. Louis, Mo., filed brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

A one count information was filed December 18, 1970, against Bobbie Gene Liggins charging him with a violation of 18 U.S.C.A. § 1708 in that he, on October 16, 1970, unlawfully possessed a Missouri Treasury check knowing that it had been stolen from the United States mails.

Counsel was appointed for Liggins. He entered a plea of not guilty. After a one day trial he was convicted by a jury. Judge Webster imposed a two year sentence. The only issue raised on appeal concerns the sufficiency of the evidence as to whether the defendant possessed the check with knowledge that it was stolen. In making this determination, we take that view of the evidence which is most favorable to the Government as the prevailing party and accord the Government the benefit of inferences reasonably to be drawn from the facts proved.[1]

The check in question was one for $105.00, dated October 10, 1970, and issued from Jefferson City, Missouri, to Roxie Mae Elbert, as a welfare payment. Miss Elbert testified that she did not receive the expected check in the mail. She had given no authority to anyone to receive the check. She was not acquainted with Bobbie Gene Liggins at the time of the events in question.

There is testimony from the arresting officers that they observed the defendant in the company of another standing on a street corner at 11:00 p. m. the evening of October 16; that they approached the pair and observed the defendant reaching into his right rear pocket and dropping two envelopes to the ground; that they examined the envelopes and found one to contain the check in question, and that the envelope containing the check was postmarked October 15, 1970,[2] and bore a return address in the name of the State Division of Welfare.

Liggins was the only witness to testify on his behalf. He stated that he found the treasury check enclosed in a hardbound blue book on the street the morning of October 16; that he decided immediately to return it to the payee, Miss Elbert, with the hope of obtaining a small reward; that he attempted so to do by walking to her home three times but never could find anyone at home; that later the same day he encountered one Clayborne Fudge; that he displayed the check to Fudge and told him of his desire to return it to its rightful owner; that he entrusted the check to Fudge upon the latter's promise to pay $15 for it; that Fudge placed the check in his inside pocket and stepped into a telephone booth to make a call; that shortly thereafter the police approached the two; that Fudge removed the check and thrust it into Liggins' right rear pocket; that he took it out of his pocket, and "then the officer, he took it out of my hand."

It is settled decisional law that possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference that the person in possession knew the property had been stolen.[3] With Miss Elbert's testimony that she did not receive the check nor

---

1. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942) and Taylor v. United States, 440 F.2d 1291, 1293 (CA 8 1971), cert. denied, 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed. 77 (1971).

2. As the testimony in the instant case makes clear, this postmark is one which was mechanically affixed to the envelope by Department of Welfare personnel.

3. See United States v. Johnson, 442 F.2d 318, 319 (CA 8 1971), and cases there cited, and Whitehorn v. United States, 380 F.2d 909, 912 (CA 8 1967).

authorize anyone to receive it for her, with the evidence of the defendant's possession, and in view of the defendant's dubious explanation as to how he came into possession of the check, it is our conclusion that the jury was justified in drawing the inference that the check was possessed by Liggins with knowledge' that it was stolen. We therefore hold that there is adequate record support on this issue and that the conviction is fully justified.

Affirmed.