**UNITED STATES of America,
Appellant,**

v.

**Russell YOUNG, Appellee.**

**No. 71-1484.**

United States Court of Appeals,
Eighth Circuit.

March 23, 1972.

Daniel Bartlett, Jr., U. S. Atty., Jerry J. Murphy, Asst. U. S. Atty., St. Louis, Mo., for appellant.

No appearance for appellee.

Before BREITENSTEIN,* Senior Circuit Judge, and BRIGHT and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal brings before us the necessity of deciding whether suppression of 8 counterfeit notes seized from the automobile in which Russell Young was seated at the time of his arrest, after the automobile was taken to a Federal garage and there thoroughly searched without a warrant, is constitutionally required. The District Court, in an unreported order, ruled that the notes must be suppressed. We reach precisely the opposite conclusion and reverse.

I

Russell Young, along with two companions, was arrested in Saint Louis, Missouri, on the afternoon of November 17, 1970, for suspicion of passing counterfeit tender. The Saint Louis police who made the arrest had been called to the scene by the manager of a nearby Thom McAn store on information that one of the three suspects had earlier attempted to pass a counterfeit bill in his store. The store manager observed the three seated in an automobile parked close to the store and disclosed their presence to the police. Also at the scene was Officer Thomas Dower of the Saint Louis police department. Dower, who had been summoned to assist in the arrest, earlier, that same day had had a telephone conversation with an employee of a Saint Louis gasoline station. The service station employee informed Officer Dower that an unidentified man had just then attempted to pass a bogus $10 bill in exchange for the purchase of gasoline. The station employee stated that he knew the bill to be a counterfeit one because he had checked its serial number against a list of counterfeit bills furnished by the Treasury Department. The license number of the man's car and its description were given Officer Dower by the station attendant. Upon his arrival at the scene, Dower observed that the car in which Young was seated on the passenger side matched perfectly the description and license number given him by the station attendant. The arrest was then made.

The car, which had been searched unsuccessfully for weapons at the time of the arrest, was towed to the police station. Some eight hours after Young and the two suspects had been booked, one of the arresting officers released the car to the custody of a Special Agent of the Treasury Department who immediately seized it pursuant to 49 U.S.C. § 783.[1] The Treasury Agent drove the vehicle to a Federal garage, "inventoried" its contents, and over the right front visor discovered 8 counterfeit bills concealed in a scarf. After the search, and presumably on the basis of the Agent's discovery, a complaint was issued charging Young with possession of counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472.

Young filed a motion to suppress the notes as evidence against him, alleging in substance that they had been acquired in an unlawful search and seizure in violation of the Fourth Amendment. After

---

* Senior Circuit Judge, Tenth Judicial Circuit, sitting by special designation.

1. The relevant portion of § 783 is as follows:

"It shall be the duty of any . . . agent . . ., whenever he shall discover any . . . vehicle . . . which has been . . . used in violation of any of the provisions of this chapter, . . . . to seize such . . . vehicle . . . and to place it in . . . custody . . . ."

a hearing, the District Court sustained the motion without filing an opinion.[2] The United States appeals to this court pursuant to 18 U.S.C. § 3731.[3] Young, for reasons not apparent from the record, has not filed an appellate brief, and did not appear for oral argument before this court.

## II

The argument conceivably could be made that because the facts of this case do not suggest that the opportunity for seizure was so fleeting that "it [was] not practicable to secure a warrant,"[4] the search and consequent seizure were fatally defective because no exigent circumstances justified the failure to obtain a warrant. The argument possesses superficial appeal because the automobile was in Federal custody at the time it was searched so that there was no likelihood that it would be moved or in any way molested until judicial authority for the search could be obtained.[5] That argument, however, is not apposite under these facts.

## III

Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), provides the answer to the problem posed here. In that case, the defendant had been arrested (and convicted) of selling heroin to a police informer. After his arrest, the police, pursuant to state statute, impounded his car for forfeiture proceedings. One week later, while both the defendant and his automobile remained in custody, the police conducted a warrantless search of the car. The search produced evidence which was used against Cooper in his subsequent trial. The Supreme Court held that the delayed and warrantless search of Cooper's car was reasonable and valid.

The Court first appropriately distinguished *Preston, supra,* as having application only in cases concerning searches incident to arrest. pp. 59–60 of 386 U. S. p. 790 of 87 S.Ct. It then emphasized the fact that both the defendant's arrest and the seizure of his car stemmed from the same source—illicit traffic in narcotics. p. 61 of 386 U.S., p. 70 of 87 S. Ct. The Court also noted that since the car was to be retained until completion of the forfeiture proceedings, it would be unreasonable to prohibit the police from inspecting the vehicle as a precautionary measure. pp. 61–62 of 386 U.S., pp. 790–791 of 87 S.Ct. Taking these facts in the aggregate, the Court declined to invalidate the search on grounds of unreasonableness. The fact that the state statute pursuant to which the vehicle was seized had been read by the California courts as not specifically authorizing the search did not strike the Court as significant. pp. 60–61 of 386 U.S., pp. 790–791 of 87 S.Ct. In *Cooper*, then, we have a case in which the Court upheld, on grounds of constitutional reasonableness, a search not incident to arrest and one that clearly was not required by the exigencies of the situation. We view our case here as being on all fours with *Cooper*.

---

2. The court's written decision consisted of the following statement: "The Court having fully considered the matter, IT IS HEREBY ORDERED that said motion should be and is hereby SUSTAINED."

3. The United States, pursuant to § 3731, has certified that the appeal is not one taken for delay, and that the evidence suppressed is "a substantial proof of a fact material in the proceeding."

4. Coolidge v. New Hampshire, 403 U.S. 443, 461 n. 18, 462 (quoting, at 462, 91 S.Ct. 2022, 2034, 29 L.Ed.2d 564; Carroll v. United States, 267 U.S. 132, 153, 45

S.Ct. 280, 69 L.Ed. 543 (1925)). *Carroll*, like Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, involved warrantless seizures of evidentiary items from automobile under facts suggesting that the opportunity to search and seize was "fleeting" because the car was discovered in motion on the highway.

5. See, *e. g.,* Preston v. United States, 376 U.S. 364, 368, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) and United States v. Rabinowitz, 339 U.S. 56, 72, 70 S.Ct. 430, 94 L.Ed. 653 (1950) (Frankfurter, J., dissenting).

■■ There can be no doubt, upon the basis of the circumstances related by the police officers at the hearing on Young's motion to suppress, that there was probable cause to sustain the arrest of Young and his two companions. The testimony of each of the officers clearly demonstrated that "the facts and circumstances within their knowledge . . . [were] sufficient in themselves to warrant a man of reasonable caution in the belief that" Young and his companions had committed or were committing an offense. Brinegar v. United States, *supra,* pp. 175–176 of 338 U.S., pp. 1310–1311 of 69 S.Ct. See also McCray v. Illinois, 386 U.S. 300, 304, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Beck v. Ohio, 379 U.E. 89, 92, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) and Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Similarly, the seizure of the automobile clearly can be sustained on the authority of § 783. That statute empowers federal officers to seize a vehicle which is subject to forfeiture for the unlawful transportation of any contraband article. Counterfeit obligations of the United States are declared to be contraband by 49 U.S.C. § 781(b) (3). These statutes obviously validate the seizure.

It is readily apparent that § 783, like the California statute in *Cooper,* does not by its terms specifically authorize a search of vehicles seized thereunder, and that the language of the statute arguably does not justify seizure until evidence of the appropriate illicit activity *has* been found.[6] However, here, as in *Cooper,* the police possessed lawful custody of the automobile for a reason closely related to Young's arrest and the object of the search was related to that arrest. Thus, as in *Cooper,* there is a close relationship of the search to the nature of the arrest, as well as to the reason the vehicle was in custody. These facts and this relationship bring this case within the reach of *Cooper* and require us to conclude that the District Court erred in suppressing the 8 counterfeit notes. We simply cannot hold unreasonable under the Fourth Amendment the search and consequent seizure present under the facts of this case.[7]

Reversed.

---

6. But see Drummond v. United States, 350 F.2d 983, 988 (CA 8 1965), a pre-Cooper decision, which appears to find implied authority to search vehicles seized pursuant to § 783.

7. The Government has not contested Young's standing to contest the legality of the search. We therefore need not reach this issue. Compare, Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1968).