**UNITED STATES of America,
Appellee,**

v.

**William D. MERRY, Appellant.**

No. 74–1638.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1975.

Decided April 7, 1975.

**400**

Donald L. Schmidt, St. Louis, Mo., for appellant.

Barry A. Short, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and LAY, Circuit Judge.

PER CURIAM.

The defendant, William D. Merry, was convicted by a jury for violation of the Hobbs Act, 18 U.S.C. § 1951. The charge against him resulted from an alleged attempt to extort money from the operator of a massage parlor, Jan's Health Studio, in Cool Valley, Missouri. At the time of the offense the defendant was a member of the Cool Valley, Missouri, police department. The evidence offered by the government tended to prove that Officer Merry threatened physical violence against the operator and official action against his business if substantial sums of money were not paid.

The defendant raises several grounds of error: (1) that certain invoices were improperly received into evidence without proper foundation under the Business Records Act, 28 U.S.C. § 1732(a), (2) that credit card applications were not relevant and inadmissible in evidence, (3) that the trial court improperly limited cross-examination of three government witnesses, and (4) that the court erred in giving its instructions.

 Admissibility of evidence[1] as well as rulings governing cross-examination lie generally within the discretion of the trial judge. Barring exceptional circumstances demonstrating prejudicial error, the trial court's discretion will be

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. For similar cases dealing with admissibility of records under the Business Records Act, *see*

upheld. Upon review of the present record and error alleged, we find no prejudicial error; we are satisfied there exists substantial evidence supporting the defendant's guilt. We affirm the judgment of conviction.

Judgment affirmed.

---

Ashley v. United States, 413 F.2d 249 (5th Cir. 1969); United States v. Olivo, 278 F.2d 415 (3d Cir. 1960).