UNITED STATES of America, Appellee,

v.

Jane Elizabeth MILHAM, Appellant.

UNITED STATES of America, Appellee,

v.

Calvin MERCHANT, Appellant.

Nos. 78–1154, 78–1180.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1978.

Decided Jan. 8, 1979.

Phillip S. Resnick, Minneapolis, Minn., for appellant Milham.

Tyce S. Smith, Waynesville, Mo., for appellant Merchant; Allan Ackerman, Chicago, Ill., on brief.

Ann D. Montgomery, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Andrew W. Danielson, U. S. Atty., Minneapolis, Minn., on brief.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Appellants in this case challenge their convictions for heroin distribution, possession of heroin and cocaine with intent to distribute, and conspiracy to distribute heroin, all in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.[1] Several grounds are alleged for reversal; however, we affirm.

The evidence which follows was adduced at trial and led to the appellants' arrests and convictions. Minneapolis Police Officer Susan Belkair, working in an undercover capacity, purchased heroin on two occasions from Michael McWhite.[2] Appellant Jane Milham was observed picking McWhite up in her automobile and driving him away after the first sale. Subsequent analysis revealed appellant Merchant's left thumbprint on the heroin bindles used in the first transaction.

Appellant Milham also drove McWhite to make the second sale of heroin to Officer Belkair. In the course of the second sale McWhite, in talking to Belkair, implicated both appellants in the conspiracy to distribute heroin.

The third sale of heroin by McWhite to Belkair resulted in the arrest of appellants and McWhite. On that occasion Belkair drove McWhite to a hotel where McWhite had indicated his source and his source's partner were staying.[3] Belkair advanced $1,500 of marked government currency to McWhite for the purchase. McWhite proceeded to the appellants' hotel room which was registered under the name of J. E. Milham of Merchant Enterprises. He then returned to Belkair's car with the heroin, completed the transaction, and returned for a second time to appellants' hotel room. The next time he left the room he was arrested.[4]

Later the same day, pursuant to a search warrant, D.E.A. agents searched appellants' hotel room and arrested the appellants. A frisk search of appellant Merchant revealed $1,460 of the marked government currency.

1. Honorable Donald D. Alsop, United States District Judge for the District of Minnesota presiding. Appellant Merchant was convicted of one count of distribution of heroin. Appellant Milham was convicted of three counts of distribution of heroin. Merchant was sentenced to imprisonment for a term of three years, plus a three year special parole term. Milham was ordered imprisoned for a term of two years and received a four year special parole term.

2. McWhite was charged with three counts of distribution of heroin in the same indictment in which appellants were charged. He pleaded guilty to one count of distribution and the remaining counts were dropped.

3. McWhite indicated that his source's partner was in town from Milwaukee because twenty to thirty indictments were out in Milwaukee regarding heroin distribution. Though McWhite did not identify the source or the partner by name to the undercover officer at this time, it was established at trial that Jane Milham was the source and Calvin Merchant her partner.

4. A search of McWhite's person revealed $40 of the $1,500 of marked currency advanced to him to purchase the heroin on the third and last occasion.

A search of the bathroom area revealed a sophisticated torsion balance scale on which Merchant's fingerprints were later found. Finally, the search of a suitcase to which Milham possessed the keys yielded one hundred grams of heroin and fifty grams of cocaine.

After appellants were in custody a warrantless search of appellant Merchant's van by D.E.A. agents yielded a loaded pistol as well as evidence of similar heroin dealings by Merchant in Wisconsin. The search was conducted pursuant to 21 U.S.C. § 881(a) and (b), a forfeiture statute which permits the seizure of vehicles used in illegal drug transactions. The government introduced the evidence from the automobile search in the rebuttal portion of its cross-examination of appellant Merchant.

## I. MERCHANT

Appellant Merchant challenges his conviction on three grounds. First, he argues that the warrantless search and seizure of his van was unreasonable and that the district court erred in overruling his motion to suppress the evidence yielded by its search. Second, he contends that the introduction of the pistol in the rebuttal portion of the government's case was unrelated to the drug charges and constitutes prejudicial error. Finally, Merchant argues that the district court's failure to give a cautionary instruction on the proper use of the rebuttal evidence constitutes plain error. We find Merchant's arguments to be without merit and affirm his conviction.

A. D.E.A. agents searched and seized Merchant's van pursuant to 21 U.S.C. § 881(a) and (b), a forfeiture statute which permits the warrantless seizure of a vehicle if there is probable cause to believe that it has been used to facilitate the sale of illegal drugs. *United States v. Capra*, 501 F.2d 267, 280 (2d Cir.), *cert. denied*, 420 U.S. 990, 95 S.Ct. 1424, 43 L.Ed.2d 670 (1974). Furthermore, the Supreme Court has held that where there is probable cause to seize a vehicle under a forfeiture statute, no warrant is required for an attendant search of the vehicle. *Cooper v. California*, 386 U.S. 58, 62, 87 S.Ct. 788, 17 L.Ed.2d 730 (1966). Under a similar Treasury Department forfeiture statute, this court held that a warrantless search and seizure of an automobile was reasonable where there was probable cause to believe the vehicle was used to transport counterfeit money. *United States v. Young*, 456 F.2d 872, 875 (8th Cir. 1972).

In this case D.E.A. agents had probable cause to believe that appellant's van was used to facilitate the transportation and sale of illegal drugs. McWhite stated to Officer Belkair that his drug sources were in town from Milwaukee, Wisconsin. Appellant's van was licensed in Wisconsin. McWhite also stated that his sources were staying at a local hotel. It was at that hotel that appellant was arrested. One hundred grams of heroin and fifty grams of cocaine were seized from the hotel room at the time of appellant's arrest. Clearly, illegal drug transactions had occurred and were verified by undercover agents. From the circumstances it was certainly reasonable to infer that the out-of-state drug dealers, residing temporarily in a hotel room and hiding the drugs there, had transported the drugs in the Wisconsin-licensed van they had parked outside.[5] We conclude that the requisite probable cause showing under the forfeiture statute was supplied, and that the evidence yielded as a result of the search is admissible at trial. *United States v. Capra, supra*, 501 F.2d at 279–80; *United States v. Young, supra*, 456 F.2d at 873, 875. The district court properly denied Merchant's motion to suppress the evidence seized from his van.

B. Alternatively Merchant argues that even if the search was proper, the district court erred in admitting a gun into evidence in the rebuttal portion of the government's case. He urges us to hold that the prejudicial impact of this evidence is so

---

**5.** Appellant Merchant's van was ultimately forfeited in *United States v. One 1977 Dodge Tradesman Van*, No. 4–77–368 (D.Minn. July 11, 1978) as a vehicle used to transport a controlled substance. 21 U.S.C. § 881(a)(4).

great as to require a reversal of his conviction. We disagree.

Merchant testified that he was in Minneapolis on business and denied any knowledge of the presence of controlled substances in the hotel room. He further denied any involvement in the September 11, 1977 drug sale. During cross-examination and in response to questions designed to test his veracity regarding his presence in Minneapolis for valid business purposes, he denied any knowledge of the presence of a gun in his van. In rebuttal the government introduced the gun yielded in the search of appellant's van.[6]

■ The Supreme Court has stated that if a criminal defendant "takes the stand and testifies in his own defense, his credibility may be impeached and his testimony assailed like that of any other witness * * *." *Brown v. United States*, 356 U.S. 148, 154, 78 S.Ct. 622, 626, 2 L.Ed.2d 589 (1957). *See also United States v. Webb*, 533 F.2d 391, 395–96 (8th Cir. 1976). A matter is relevant for impeachment if the fact could be proved for a purpose independent of the contradiction. *See United States v. Harris*, 542 F.2d 1283, 1306–07 (7th Cir.), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1976).

The gun was relevant to the issues upon which Merchant was tried. "Experience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment." *United States v. Wiener*, 534 F.2d 15, 18 (2d Cir.), *cert. denied*, 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976). Additionally, the weapon was probative of the fact that appellant "took the natural precautions that might be expected when goods are sold for a large amount of cash." *United States v. Pentado*, 463 F.2d 355, 360 (5th Cir.), *cert. denied*, 409 U.S. 1079, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972), 410 U.S. 909, 93 S.Ct. 963, 35 L.Ed.2d 271 (1973). *United States v. Kearney*, 560 F.2d 1358, 1369 (9th Cir.), *cert. denied*, 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). *See also United States v. Phillips*, 433 F.2d 1364, 1367 (8th Cir. 1970), *cert. denied*, 401 U.S. 917, 91 S.Ct. 900, 27 L.Ed.2d 819 (1971).

■ Admissibility of evidence, as well as rulings governing cross-examination, lie within the discretion of the trial judge and will not be disturbed absent an abuse of discretion. *United States v. Merry*, 514 F.2d 399, 400 (8th Cir. 1975); *Wangrow v. United States*, 399 F.2d 106, 115 (8th Cir.), *cert. denied*, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968). Furthermore, the task of balancing the probative value of the evidence against its prejudicial impact falls within the sound discretion of the trial court. *United States v. Hall*, 565 F.2d 1052, 1055 (8th Cir. 1978). Accordingly we hold that the district court did not abuse its discretion in admitting the gun into evidence.

■ *C.* Finally Merchant contends that the trial court erred in failing, *sua sponte*, to instruct the jury on the limited purposes for which the government's rebuttal evidence was offered.[7] Merchant concedes

---

**6.** During cross-examination the appellant responded affirmatively to a government question asking whether he had testified that he was in town on business. The government then asked whether he had also planned to do any hunting while in town. Appellant replied that this was a possibility. He then denied that there was a pistol in his van. In rebuttal, the government called the officer who searched the appellant's van. He testified to the presence of a 9mm Luger automatic pistol in the van. He stated that it was not the type of weapon ordinarily used for hunting and that it was a military weapon ordinarily used against persons. The government then introduced the gun into evidence. The gun, in conjunction with the other evidence in the case, tended to negate Merchant's story that he was in town for valid business purposes.

**7.** The rebuttal evidence consisted of the gun seized from appellant's van as well as evidence of Merchant's involvement in similar heroin transactions in Wisconsin derived from an address book seized in the search of Merchant's van. The trial court held the rebuttal evidence of similar drug transactions admissible and relevant under Fed.R.Evid. 404(b) as probative of Merchant's intent and knowledge because his testimony denied any knowledge of or intent to take part in the drug transactions in this case.

that his failure to request the instruction at trial requires him to demonstrate plain error to prevail on this issue. Fed.R.Crim.P. 52(b).

In judging the adequacy of the district court's jury instructions we have considered the court's charge to the jury as a whole. *United States v. Kershmann*, 555 F.2d 198, 201 (8th Cir.), *cert. denied*, 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977). We are satisfied that the omission of the limiting instruction was not prejudicial and does not rise to the level of plain error. The court carefully delineated the elements of the offenses with which Merchant was charged and instructed the jury to consider each count and each defendant separately.

We have held that where evidence of other crimes is relevant to an issue in the case, no limiting instruction is required absent a specific defense request. *United States v. Conley*, 523 F.2d 650, 654 n.7 (8th Cir.), *cert. denied*, 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d 327 (1975). Here there was no specific defense request for a limiting instruction or objection to the failure to instruct, and the limited use of the relevant rebuttal evidence does not, therefore, constitute plain error.

## II. MILHAM

Appellant Milham raises two issues in seeking reversal of her conviction. First, she argues that the district court erred in denying her motions for severance because the government's rebuttal evidence introduced against her codefendant, Merchant, unfairly prejudiced her. She also contends that her joint trial with Merchant, who did testify, emphasized her decision not to take the stand, and impermissibly impinged on her fifth amendment privilege. Second, Milham argues that because the evidence was insufficient to show that she was a member of the conspiracy to distribute heroin, the introduction of Belkair's testimony into evidence regarding her conversations with McWhite were inadmissible hearsay. In the course of these conversations

McWhite implied that Milham was his source of heroin.

A. In determining whether severance should be granted the district court balances the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. The decision whether to grant severance is addressed to the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion. *United States v. Weir*, 575 F.2d 668, 672 (8th Cir. 1977).

In order to prevail on her claim that the district court abused its discretion in denying her motions for severance pursuant to Fed.R.Crim.P. 14, Milham must make a showing of real prejudice by demonstrating that the jury was unable to compartmentalize the evidence as it related to her and her codefendant, Merchant. *United States v. Jackson*, 549 F.2d 517, 525 (8th Cir.), *cert. denied*, 431 U.S. 923, 431 U.S. 938, 97 S.Ct. 2195, 53 L.Ed.2d 236 (1977). Such a demonstration requires more than a mere showing of a better chance of acquittal at a separate trial. *United States v. Anthony*, 565 F.2d 533, 538 (8th Cir. 1977), *cert. denied*, 434 U.S. 1079, 98 S.Ct. 1274, 55 L.Ed.2d 787 (1978). Furthermore, "[a] defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him." *United States v. Jackson, supra*, 549 F.2d at 525. Absent a showing of real prejudice, joinder of defendants charged with conspiracy is favored where, as here, the proof of the charges against the codefendants is based on the same evidence and acts. *United States v. Kirk*, 534 F.2d 1262, 1269 (8th Cir. 1976), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977).

In this case only two defendants charged with conspiracy were jointly tried. The district court gave three cautionary instructions to the effect that the rebuttal evidence, consisting of a gun and evidence of similar heroin transactions by Merchant in Wisconsin, were not to be considered

against Milham. The court reiterated this instruction in its charge to the jury. In view of the foregoing we cannot hold that the jury was unable to compartmentalize the evidence as it related to Merchant and Milham.

█ This court has previously held that a defendant has not shown real prejudice entitling him to severance merely because his codefendants waive their fifth amendment rights and testify while he does not. *United States v. Anthony, supra,* 565 F.2d at 538. In this case the district court instructed the jury that it must not presume or infer that Milham was guilty because she had exercised her fifth amendment right not to testify. We find no error in the court's denial of Milham's severance motions.

*B.* "It is well-established that an out-of-court declaration of a coconspirator is admissible against a defendant if the government demonstrates (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy." *United States v. Bell,* 573 F.2d 1040, 1043 (8th Cir. 1978).

In this case Milham challenges only the second element in that she asserts the evidence was insufficient to show her participation in the conspiracy. Therefore, she argues that Belkair's testimony regarding her conversations with McWhite, wherein McWhite implied that Milham was his source of heroin, was inadmissible hearsay.

█ The admissibility of these statements is a preliminary question for the trial judge and he must be convinced of the defendant's participation in the conspiracy by a preponderance of the evidence. *Id.* at 1043–44. In *United States v. Lambros,* 564 F.2d 26, 30 (8th Cir. 1977), *cert. denied,* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779

(1978), we held that "[t]he series of meetings between appellant and [the seller of narcotics] before and after each heroin sale * * *" constituted independent evidence establishing the appellant's participation in a conspiracy to distribute heroin. In this case Milham was positively identified by government surveillance agents when she drove McWhite to and from two of the heroin sales to Officer Belkair. Photographs of Milham in the car taken shortly after one of McWhite's sales to Belkair were received into evidence at trial. Extensive independent evidence of Milham's participation in the conspiracy was introduced at trial,[8] and we hold that the trial court properly admitted Belkair's testimony regarding conversations with McWhite under Fed.R.Evid. 801(d)(2)(E).

Appellants' convictions are hereby affirmed.

---

**8.** Appellant Milham was arrested in a hotel room registered under the name J. E. Milham of Merchant Enterprises. One hundred grams of heroin were found in a suitcase to which she possessed the key in the bathroom area of the hotel room. McWhite was arrested upon his

second departure from the hotel room subsequent to the third sale of heroin to Belkair. Appellant Merchant, found in possession of $1,460 of marked government currency, was arrested in the hotel room with appellant Milham.