**UNITED STATES of America, Appellee,**

v.

**John Elgin JOHNSON, Appellant.**

**No. 79–1347.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 2, 1979.

---

Alan A. Anderson, Des Moines, Iowa, on brief, for appellant.

Roxanne Barton Conlin, U. S. Atty., and Kermit B. Anderson, Asst. U. S. Atty., Des Moines, Iowa, on brief, for appellee.

Before HEANEY and ROSS, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

John Elgin Johnson and Leland Daniel McRoy were jointly indicted for violations of 18 U.S.C. § 2314 (interstate transportation of stolen property) and 18 U.S.C. § 371 (conspiracy). During the trial, McRoy, who had pled guilty to Count I of the charge, testified that he had been promised that he would be sent to a certain penal institution in California in exchange for his testimony against Johnson in this case. He was cross-examined about this agreement. After the defendant had presented his case, the District Court disclosed to the defendant that McRoy had entered into other agreements with the government in exchange for his guilty plea. Specifically, the government had agreed to (1) move to dismiss the conspiracy charge (Count 2) at sentencing; (2) make no sentence recommendation; (3) recommend a penal institution outside the Midwest; and (4) refrain from filing any federal check charges against McRoy so long as McRoy would testify against Johnson in the event such charges were brought against Johnson.

The defense then sought permission to present testimony concerning these negotiations without revealing to the jury that check charges might be brought against Johnson in the future. The court gave Johnson the option of placing before the jury the entire sequence of plea negotiations or letting the record stand. The defense chose not to introduce further testimony and moved for a mistrial. The motion was denied.

Appellant Johnson contends that the District Court's failure to permit the introduction of only part of the collateral plea negotiations and the refusal to grant a mistrial constitute reversible error. These contentions are without merit.

■ Although it may have been more proper for the government to have disclosed to defense counsel the circumstances and terms of the collateral plea prior to trial, failure to do so was not reversible error in light of the fact that the court later disclosed the information and gave counsel an opportunity to introduce evidence on the matter if he wished. The appellant has not shown that he was prejudiced by the de-

* EARL R. LARSON, United States Senior District Judge, District of Minnesota, sitting by designation.

layed disclosure. *See United States v. Ramos Algarin*, 584 F.2d 562, 565 (1st Cir. 1978); *United States v. McClintic*, 570 F.2d 685 (8th Cir. 1978); *United States v. Taylor*, 542 F.2d 1023 (8th Cir. 1976), *cert. denied*, 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977).

Furthermore, after carefully discussing the matter with counsel out of the hearing of the jury, the District Court determined that introduction of only part of the collateral plea terms would not present a full and fair picture. Generally, a trial court has broad discretion to determine the proper scope of evidence to be admitted at trial. *See Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *United States v. Merry*, 514 F.2d 399 (8th Cir. 1975); *United States v. Vaughn*, 486 F.2d 1318 (8th Cir. 1973). In this case, it was clearly within the sound discretion of the District Court to require that all conditions of the plea be put into evidence if any part of it were introduced.

Affirmed.