UNITED STATES of America, Appellee,

v.

William Joseph CASPERS, Appellant.

UNITED STATES of America, Appellee,

v.

Paul Francis ZIEGLER, Appellant.

Nos. 83–2597, 83–2608.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1984.

Decided June 20, 1984.

Rehearing Denied July 20, 1984.

Marc G. Kurzman, Scott G. Harris, Kurzman, Shapiro, Manahan & Partridge, Minneapolis, Minn., for appellants.

James M. Rosenbaum, U.S. Atty., Donald M. Lewis, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ROSS, Circuit Judge.

William J. Caspers and Paul F. Ziegler were indicted for possessing, distributing and conspiring to distribute marijuana in violation of 21 U.S.C. § 841 (1981). The defendants were tried before a jury and found guilty on three of four counts contained in the indictment. The district court[1] sentenced Caspers to eighteen months imprisonment on each count, with the sentences to run concurrently. Ziegler was sentenced to thirty months on each count, with the sentences to run concurrently. The defendants appeal their convictions alleging that several errors were committed by the district court. Appellants invoke this court's jurisdiction under 28 U.S.C. § 1291 (West Supp.1983). For the reasons stated herein we affirm the convictions.

**FACTS**

On June 29, 1983, Officer Kenneth Vande Steeg, a Minneapolis Police Department narcotics officer working undercover, arrested Edward Julkowski and Mark Burton after purchasing several pounds of marijuana from them. Julkowski agreed to cooperate with Officer Steeg and identified Paul Ziegler as his marijuana supplier.

The next day Julkowski arranged for a marijuana purchase from Ziegler. Ziegler agreed to deliver roughly 64 pounds of marijuana to Julkowski's home. He arrived at Julkowski's residence at approximately 3:15 p.m., and indicated that his "man" would be "rolling in with it" soon. Shortly thereafter Caspers arrived at Julkowski's house. Caspers spoke briefly with Ziegler and handed him the car keys; he did not get out of the car. Ziegler removed two bales of marijuana from the trunk, closed the trunk and returned the keys to Caspers who then drove away. He was arrested a few blocks away. Ziegler was arrested by Officer Steeg. When Caspers was arrested the police found 138.1 pounds of marijuana in the vehicle.

**ISSUES**

On appeal Caspers claims that the district court erred in denying his motion for severance. Ziegler claims that the court erred in three respects: first, in admitting evidence pertaining to marijuana possessed by Julkowski; second, he alleges that the

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

evidence was insufficient to support his conviction for possession of the 138.1 pounds found in Caspers' car; and third, he asserts that the court abused its discretion in sentencing him to 30 months.

## DISCUSSION

### A. Severance

■ Caspers contends that the court erred in denying his motion for severance because while Ziegler would not testify in a joint trial, he would have testified in a separate trial and presented exculpatory evidence on Caspers' behalf.

In *United States v. Brim*, 630 F.2d 1307 (8th Cir.1980), *cert. denied*, 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981), in addressing a similar argument, this court opined:

> In ruling on a motion for severance the district court weighs the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. The question whether there is prejudice warranting severance is addressed to the sound discretion of the trial court; *the court's decision will not be disturbed on appeal absent an abuse of discretion.* Fed.R.Crim.P. 14; *United States v. Luschen*, 614 F.2d 1164, 1175 n. 8 (8th Cir.1980); *United States v. Milham*, 590 F.2d 717, 722 (8th Cir.1979); *United States v. Weir*, 575 F.2d 668, 672 (8th Cir.1978).

> Brim is required to show prejudice. A mere showing that defendant would have a better chance of acquittal in a separate trial is not sufficient to require severance. *United States v. Milham*, 590 F.2d at 722. Indeed, *absent a showing of clear prejudice, joinder of defendants charged with conspiracy is preferred* where proof of the charges is based on the same evidence and acts. *United States v. Luschen*, 614 F.2d at 1175 n. 8; *United States v. Milham*, 590 F.2d at 722.

Id. at 1310 (emphasis added). The defendant shoulders a heavy burden in attempting to show an abuse of discretion. *United States v. Graham*, 548 F.2d 1302, 1310–11 (8th Cir.1977). We do not believe the defendant has met his burden in this case.

In *United States v. Garcia*, 647 F.2d 794 (8th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981), we held that it is not reversible error to deny severance on the ground that a defendant desires to call a codefendant as a witness, unless it is shown that "the codefendant is likely to testify at a separate trial and the testimony would exculpate him." *Id.* at 795–96. Caspers failed to meet this test. While Caspers' attorney did assert that Ziegler would testify on Caspers' behalf in a separate trial, there was no independent evidence, such as an affidavit by Ziegler, of Ziegler's willingness to do so. *See United States v. Jackson*, 549 F.2d 517, 524 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). Furthermore, there was no showing that Ziegler's testimony would have exculpated Caspers.[2] On these facts we cannot say the trial court abused its discretion.

### B. Testimony Regarding Third Party Transactions

Ziegler alleges that the district court erroneously admitted evidence regarding the June 29 marijuana purchase from Burton and Julkowski by Officer Steeg. He claims that the admission of this evidence was highly prejudicial under FED.R.EVID. 403. Over objection, the district court admitted the evidence as being preliminary in nature.

■ Absent a clear showing of an abuse of discretion, a district court's determination regarding the relevancy of evidence will not be disturbed. *See United States v. Bernhardt*, 642 F.2d 251, 253 (8th Cir. 1981). We are convinced that the district

---

2. In fact, Ziegler's position on appeal contradicts Caspers' claim. In his brief, counsel for Ziegler argues:

> In this case, the evidence clearly establishes that the defendant Caspers was the person who delivered the drugs to Julkowski's residence on June 30th. * * * Caspers was the supplier.

Appellant's Brief at 12.

court did not err in admitting the testimony regarding the June 29 transaction.

■ First, the evidence is arguably within the *res gestae* rule since it established the events which led to Julkowski's cooperation with the government, and showed that Julkowski was in fact a customer of Ziegler's. *See Carter v. United States,* 549 F.2d 77, 78 (8th Cir.1977). Second, the evidence was related to count three of the indictment regarding the June 29 transaction.[3] Although Ziegler was acquitted of that charge the government was entitled to put on their case against him. Finally, given the overwhelming evidence against the defendant, any error in this regard was harmless. *See* FED.R.CRIM.P. 52(a).

## C. Sufficiency of the Evidence

Ziegler claims that there is insufficient evidence to support his conviction for possessing the marijuana found in Caspers' car. Ziegler's position is that the marijuana was in Caspers' possession, not his, and, therefore, he could not have possessed the marijuana.

In *United States v. Vitale,* 728 F.2d 1090 (8th Cir.1984), we stated that "[i]n evaluating the sufficiency of the evidence to uphold a verdict, we must view the evidence in the light most favorable to the government, giving the government the benefit of all reasonable inferences which may be drawn." *Id.* at 1094. With this standard of review in mind, we examine the law and facts applicable in this case.

■ It is well-established that possession may be actual or constructive; it need not be exclusive, but may be joint. *See United States v. Wells,* 721 F.2d 1160, 1162 (8th Cir.1983). This court has defined constructive possession as knowledge of presence plus control, and we have held that the control need not be exclusive. *Id.*

■ In this case the evidence showed that Caspers worked for Ziegler, and that Ziegler "controlled" where the marijuana was to be delivered. He knew the marijuana was present in the trunk of the car, and was sufficiently associated with the person having physical possession of the marijuana that he was able to cause it to be produced for a customer. *See Wells, supra,* 721 F.2d at 1162. Viewing the evidence in the light most favorable to the verdict, we must reject Ziegler's claim that the evidence is insufficient to support his conviction for possessing marijuana.

## D. Improper Sentence

Ziegler's final argument is that, in determining his sentence, the district court improperly placed emphasis on the assumption that children were going to be the recipients of the marijuana, and that the use of marijuana would lead to the use of harder drugs. Ziegler claims that this assumption is erroneous, and evinces an abuse of discretion by the district court.

■ While an appellate court has authority to review the severity of a sentence, a sentence within the statutory limits is generally not disturbed. *See United States v. Bangert,* 645 F.2d 1297, 1306 (8th Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 314, 70 L.Ed.2d 158 (1981). This court will not "substitute its judgment for the discretion committed solely to the district court." *United States v. Hollis,* 718 F.2d 277, 279 (8th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 1309, 79 L.Ed.2d 707 (1984). In this case the sentence imposed was within the statutory maximum. Without passing upon the validity of the assumption employed by the district court, we find that this was only one of several factors considered in fashioning a sentence. The dis-

---

**3.** Count III alleged as follows:

On or about the 29th day of June, 1983, in the State and District of Minnesota, the defendants, WILLIAM JOSEPH CASPERS and PAUL FRANCIS ZIEGLER, each aiding and abetting the other, did knowingly, intentionally and unlawfully distribute to Edmund Paul Julkowski approximately 86.1 pounds of marijuana, a Schedule I controlled drug substance; in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 841(a)(1).

trict court did not abuse its discretion in this regard.

## CONCLUSION

We have examined the appellants' remaining arguments and find them to be without merit. Accordingly, we affirm their convictions.