**UNITED STATES of America, Appellee,**

v.

**Robert Thomas SANKO, Appellant.**

**No. 85–5066.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1985.

Decided April 3, 1986.

Earl P. Gray, Woodbury, Minn., for appellant.

Elizabeth De La Vega, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

In the course of a narcotics investigation, Hennepin County, Minnesota deputy sheriffs and a federal drug task force agent arrested appellant, Robert Thomas Sanko, in his home. Shortly after the arrest and later while handcuffed and seated in his living room during a search of the house, appellant made inculpatory statements which he contends should have been excluded during his subsequent trial on narcotics and weapons charges.

A jury convicted Sanko of distribution of cocaine, possession with intent to distribute cocaine and conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846 (1982), as well as being a felon in possession of a firearm, 18 U.S.C. § 1202(a)(1) (App.1982). The jury acquitted Sanko on another charge of distribution of cocaine. On appeal, Sanko contends that the district court[1] erred in admitting Sanko's post-arrest statements at trial and in refusing to sever the firearms charge from the narcotics charges for separate trial.

Sanko's arrest took place at 3:45 p.m. on September 27, 1984. At that time, federal task force agent Michael Strauss read Sanko his *Miranda* warnings. *See Miranda v. Arizona,* 384 U.S. 436, 467–79, 86 S.Ct. 1602, 1624–30, 16 L.Ed.2d 694 (1966). The arresting officers then handcuffed Sanko and seated him in his living room while the officers secured, but did not search, the premises. One of the deputy sheriffs, El-

don Fontana, asked Sanko if he wanted to cooperate. Sanko responded that he had grown up with his cocaine source and that if he revealed the identity of his source, his friends would know and his life would be endangered. These statements were admitted against Sanko at trial.

At approximately 4:30 p.m. Deputy Fontana asked Sanko if he would consent to a search of the house. Sanko refused. At this point, Fontana readvised Sanko of his *Miranda* rights, and Sanko requested counsel. Deputy Thomas Rainville had left by this time to obtain a search warrant, and the other officers terminated any questioning about the case.

Deputy Rainville returned with a search warrant at approximately 6 p.m. and began to search the premises. Within minutes, Rainville came out of Sanko's bedroom and entered the living room carrying two bags of cocaine. Rainville held up the bags within Sanko's view and said, "What's this?" The record indicates that Sanko either made no response to Rainville's comment or merely stated "What's that?"

Shortly after Rainville's discovery of the cocaine, Sanko told Burchett, another deputy, that he wanted to cooperate. Burchett then brought Fontana from another part of the house to the living room where Sanko was seated, and Sanko repeated that he wanted to cooperate. Sanko then made self-incriminating statements which were admitted against him at trial.

Sanko contends that the statements he made between 3:45 p.m. and 4:30 p.m. and those he later made after 6 p.m. were elicited during custodial interrogation in the absence of requested counsel. *See Edwards v. Arizona,* 451 U.S. 477, 481–87, 101 S.Ct. 1880, 1883–86, 68 L.Ed.2d 378 (1981).[2]

▪ Once a suspect in custody has requested an attorney, he may not be interrogated until counsel has been made available to him or until he waives his prior request for counsel. *Smith v. Illinois,* 469

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. Sanko was clearly in custody when he made the statements at issue.

U.S. 90, 105 S.Ct. 490, 492, 83 L.Ed.2d 488 (1984); *Edwards v. Arizona,* 451 U.S. at 484–86, 101 S.Ct. at 1884–86. Therefore, the district court was required to determine first, whether prior to questioning Sanko had invoked his right to counsel and second, whether after requesting an attorney, Sanko subsequently initiated further discussions with the officers and knowingly and intelligently waived the right to counsel previously invoked. *Smith v. Illinois,* 105 S.Ct. at 493.

■ The district court held a suppression hearing with respect to the statements Sanko made to Fontana before 4:30 p.m. and after 6 p.m.[3] Sanko contended at the hearing that he had requested counsel on three occasions, at 3:45 p.m., 4:30 p.m. and 6 p.m. Fontana testified that Sanko had requested counsel only at 4:30 p.m. The district court did not believe Sanko's version and expressly found that his testimony was not credible. Furthermore, the court found that Sanko initiated discussion with the officers shortly after the search of the premises had begun at 6 p.m., volunteering that he wanted to cooperate. The district court's finding that the statements made prior to 4:30 p.m. preceded any request for counsel and the determination that Sanko initiated discussions after 6 p.m., voluntarily offering additional statements, necessarily involved credibility evaluations. *United States v. Packer,* 730 F.2d 1151, 1158 (8th Cir.1984). We conclude that the findings of the district court are not clearly erroneous and are supported by the record.

The motion to suppress was properly denied.

During the search of Sanko's home, the officers discovered a revolver in the closet of his bedroom. Sanko had been convicted in 1972 of possession with intent to distribute marijuana, a felony. He was charged in the same indictment as the cocaine offenses with being a felon in possession of a firearm, 18 U.S.C. § 1202(a)(1) (App.1982).

■ Sanko sought severance of the firearm count for separate trial from the narcotics charges. He asserts that none of the criteria for joinder of offenses in FED. R.CRIM.P. 8(a)[4] supported joinder of the firearm and narcotics charges, and that evidence of neither kind of offense would have been relevant or admissible in a trial on the other. Sanko also contends that the district court abused its discretion in the denial of his severance motion under FED. R.CRIM.P. 14,[5] for prejudice resulting from the joinder. Specifically, Sanko urges that the government was able to introduce, for purposes of the felony element of the firearms charge, his 1972 narcotics conviction which would not otherwise have been admissible in his cocaine trial.

We do not agree that the government would have been foreclosed from offering evidence of firearms possession in a trial on the narcotics counts or evidence of narcotics activity as proof of motive for possession of the revolver. *See United States v. LaGuardia,* 774 F.2d 317, 320–21 (8th Cir.1985); *United States v. Milham,* 590 F.2d 717, 721 (8th Cir.1979).[6]

---

3. The district judge orally denied Sanko's motion to suppress. After appellate argument on December 12, 1985, we remanded this case to the district court for explicit factual findings relevant to the issues discussed in *Smith v. Illinois,* 469 U.S. 90, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984). We retained jurisdiction over the appeal. The district judge certified his findings to this court as a supplemental record on March 5, 1986.

4. FED.R.CRIM.P. 8(a) states:
   Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are

based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

5. FED.R.CRIM.P. 14 states in pertinent part:
   If it appears that a defendant or the government is prejudiced by a joinder of offenses * * * in an indictment or information * * * the court may order an election or separate trials of counts, * * * or provide whatever other relief justice requires.

6. *See United States v. Milham,* 590 F.2d 717, 721 (8th Cir.1979) (citations omitted):
   "Experience on the trial and appellate benches has taught that substantial dealers in

As for introduction of the prior conviction for distribution of marijuana, the government merely introduced a certified copy of the conviction and elicited no further testimony about it. The conviction was not mentioned in closing argument or otherwise emphasized at trial. *See United States v. Valentine*, 706 F.2d 282, 290 (10th Cir.1983) (finding no prejudice in similar circumstances). In addition, Sanko's acquittal on one count of distribution of cocaine undermines his claim of prejudice based on the introduction of the prior narcotics conviction. On this record, we do not find the clear prejudice and abuse of discretion which would be necessary to warrant reversal of the district court's denial of severance. *United States v. Dennis*, 625 F.2d 782, 802 (8th Cir.1980).

The judgment of the district court is affirmed.

narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment." * * *.

Additionally, the weapon was probative of the fact that appellant "took the natural precautions that might be expected when goods are sold for a large amount of cash."